Samuel **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 44743, 44744.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

No Attorney on Appeal.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

These are appeals from convictions for murder with malice and sale of heroin, with the punishment assessed in each case at 14 years on a plea of guilty before the court.

Appellant was represented at his trials, the hearing on the motions for new trial, and at the time of sentencing by employed counsel. At the time of sentencing on February 22, 1971, notice of appeal was given in open court. On March 2, 1971, there was a letter from the appellant to the Honorable Archie S. Brown, Judge of the 144th District Court requesting a hearing to reduce an "excessive bond of $50,000" and stating further, "Being an indigent one has to rely on his family and friends in order to make a reasonable bail, as it is now one is without assistance in order to proceed in preparing his defence (sic)."

On March 24, 1971, Judge Brown acknowledged the letter and told appellant that Judge Preston Dial had tried the case and would have to handle this matter. On March 31, 1971, appellant wrote to Judge Dial in regard to the reduction of bond. On March 31, 1971, without a hearing, Judge Dial denied the reduction of the bond.

On September 24, 1971, the transcript in said cause was filed in this Court without a brief from either the State or the appellant. Later, a State's brief was filed requesting that the appeal be abated so that the trial court may conduct such hearing in order to protect the appellant's right to the effective assistance of counsel on appeal as may be necessary. It would appear that the proper remedy is to abate this appeal as the State, by written motion, has requested so that the trial court can determine if the failure of counsel to file appellant's brief was taken with the knowledge and consent of the appellant. If this be true, that fact may be certified to this Court and the appeal returned to this Court together with the trial court's finding. If this not be true, the trial court should determine if a federally protected right was infringed by counsel's action and if so, the trial court should take steps to provide effective aid of counsel on appeal and conduct such proceedings in that court as may be required under the provisions of Art. 40.09, Vernon's Ann.C.C.P.; Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970).

For the reasons stated, the appeals are abated.