**Ex parte Tony TULLOS.**

No. 45270.

Court of Criminal Appeals of Texas.

March 1, 1972.

Guy H. McNeely, Wichita Falls, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a habeas corpus proceeding attacking the conviction, with punishment assessed at life, affirmed in a Per Curiam Opinion by this Court in Tullos v. State, No. 33,850, on November 1, 1961.

A hearing was held before Honorable Temple Driver, Judge of the 89th District Court of Wichita County, at the conclusion of which findings of fact and conclusions of law were made that petitioner requested his court appointed attorney to appeal his case; that the court appointed attorney did not appeal petitioner's case; that petitioner's court appointed attorney did not order or have prepared a statement of facts; and that no statement of facts can be obtained for the reason the court reporter has destroyed his notes of the testimony at petitioner's original trial.

In view of the uncontroverted testimony at the hearing upon which the trial court's findings are based, we find that petitioner was denied effective representation of counsel on appeal after his conviction in the 89th District Court of Wichita County for the offense of rape by fraud. The conviction can not stand. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Ex parte Gaines, Tex.Cr.App., 455 S.W.2d 210; Ex parte Coleman, Tex.Cr.App., 455 S.W.2d 209.

The petitioner is ordered released from the Department of Corrections to the Sheriff of Wichita County to answer the indictment in Cause No. 11,389–C.

It is so ordered.

Opinion approved by the Court.