**Bennie Lee RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46956.**

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 20, 1973.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

Appellant waived a jury, plead guilty, and was convicted, on March 15, 1972, of passing as true a forged instrument in writing. His punishment was assessed at five years probated. Thereafter, on August 1, 1972, the State filed a motion to revoke the probation, alleging the commission by appellant of other offenses since March 15, 1972, as violations of the probation order.

Appellant filed his sworn affidavit of indigency on August 10, 1972, and the court, finding appellant too poor to employ counsel, appointed a lawyer to represent him. A hearing on State's motion was duly had on August 31, 1972, at the end of which the court found that appellant had violated the conditions of his probation as alleged by the State, and ordered probation revoked. At the end of the hearing, the following dialogue between the court and appellant occurred:

"THE COURT: Now, counsel, do you desire to give notice of appeal?

"MR. MENDOZA: Yes, sir, Your Honor, and I request the Court to set an appeal bond.

"THE COURT: All right. I will set a bond of Fifteen Thousand Dollars.

"MR. MENDOZA: Thank you, Your Honor.

"(Brief recess.)

"THE COURT: Now, Bennie Lee Richardson, you have filed a notice of appeal. Is this what you want to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have any money with which to perfect the appeal—that is, pay for the statement of facts and hire a lawyer to represent you?

"THE DEFENDANT: Yes, sir.

"THE COURT: You do have?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Put him up."

Thereafter, the record was prepared, approved by the trial court, and filed in this Court. There is no showing of appeal bond having been executed, and it appears that appellant has been in custody since the hearing. No statement of the evidence on the hearing to revoke has been filed. No brief has been filed for appellant.

We received on May 8, 1973, a letter from appellant written in the Harris County jail in which among other things he stated:

"I am writting (sic) this letter and (sic) the above cause No. 46,956 I do not have a counsel to argu (sic) my case, I don't have counsl (sic) at all I have file (sic) a motion for attorney but have not got no reply. I am asking this Court to look into my case for me . . . ."

We are confronted with the question of what action should be taken when (1) an indigent defendant too poor to employ trial counsel makes known to the court his desire to appeal, (2) tells the court, who has already made a finding of his indigency and who has appointed trial counsel, that he is able to employ appellate counsel, (3) secures no statement of facts, (4) employs no lawyer and is unrepresented by counsel on appeal, (5) files no appellate brief, and (6) is not admonished by the trial court of his rights of having appellate counsel appointed, and (7) notifies this Court of his inability to employ counsel on appeal.

It would appear that the proper remedy would be to abate this appeal so that the trial court can have a full hearing on the issue of the indigency of appellant, and his ability or inability to employ counsel and secure a proper statement of facts. The court should determine if a constitutionally protected right was infringed with reference to appellant's lack of representation by counsel on this appeal. The fact that it was known to the trial court that appellant was destitute and needed court-appointed counsel for the trial, that he had been constantly in jail, and that no brief had been filed and no statement of facts requested in the trial court (See Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.) should have caused the trial court to make further inquiry. Steel v. State, Tex.Cr.App., 453 S.W.2d 486.

If the trial court finds that appellant was indigent and too poor to find counsel, or that any of appellant's constitutionally protected rights were infringed respecting his rights of counsel on appeal, it should then take steps to provide effective aid of counsel on appeal and conduct such proceedings in the trial court as may be required under

the provisions of Art. 40.09, V.A.C.C.P. Steel v. State, supra; Rodriguez v. State, Tex.Cr.App., 472 S.W.2d 517.

For the reasons stated, the appeal is abated.

Opinion approved by the Court.