**Ronnie Eugene SOWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48039.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Ronnie Eugene Sowell, pro se.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from an order revoking probation wherein appellant was convicted of the offense of burglary with intent to commit theft; the punishment, five years.

Appellant's conviction was affirmed by this Court on January 9, 1974, in a per curiam opinion (No. 48,039). At the time appellant's conviction was affirmed by this Court no brief had been filed in the trial court in appellant's behalf, the record was before us without a transcription of the court reporter's notes, and no questions based on indigency had been raised.[1]

On January 28, 1974, appellant filed a "pro se" motion for leave to file a motion for rehearing, and a pauper's oath. Therein appellant contends that (1) he is indigent and has been so since the beginning

---

[1]. It appears that appellant was represented by retained counsel at that time.

of his appeal, therefore not allowing him to afford an attorney to perfect his appeal to this Court, and (2) that because of his financial condition, he could also not afford to send up the statement of facts. Appellant requests that this Court allow him time so that he may have an attorney appointed for him to further perfect his appeal and that he may be allowed to file a pauper's affidavit in order that he may send up a statement of facts to this Court.

The issue before this Court is: when the first indication of indigency is made after the record is filed in this Court, will the case be abated for purposes of determining an appellant's indigency for purposes of appeal? We answer this question under the facts in the case at bar in the affirmative.

In Steel v. State, 453 S.W.2d 486 (Tex. Cr.App.1970), this Court stated:

"When private counsel is engaged, no duty devolves upon the court to appoint counsel in criminal prosecution. However, retained counsel, even one who has not been fully compensated for past services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to the court and the accused and 'frustrate forever accused's right to protect his vital interests.'"

We conclude that the above rule is applicable in the instant case. The trial court should hold a hearing with reference to appellant's indigency for purposes of appeal and, if indigency is shown, take such steps as are necessary to provide effective counsel, along with a free transcription of the court reporter's notes. See also Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Richardson v. State, 495 S.W.2d 246 (Tex.Cr.App.1973).

For the reasons stated, our prior opinion is withdrawn, appellant's motion for rehearing is granted, and the appeal is abated.