Murry BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48208.

Court of Criminal Appeals of Texas.

March 13, 1974.

None on appeal for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin, following a plea of guilty before the court. Punishment was assessed at eight years.

Appellant originally pleaded not guilty, a jury was selected, and several witnesses testified at her trial. However, upon the advice of appellant's retained counsel, she changed her plea to guilty, waived a jury, waived the right to confrontation of witnesses, and made a written judicial confession of her guilt. The trial court found appellant guilty and assessed her punishment at eight years. Appellant then waived the time in which to file a motion for new trial and motion in arrest of judgment and was duly sentenced. Thereafter appellant executed a written waiver of her right to appeal. However, the next day (August 30, 1973) appellant filed a written notice of appeal. On September 6, 1973, the trial court set bail at $10,000.00. Because bail was never made, she remained in the county jail pending appeal.

On November 12, 1973, appellant sent an unverified letter to the trial court stating that she was unable to afford a statement of facts and was unable to hire an attorney to handle her appeal.

On November 14, 1973, the trial judge held a hearing on the question of appellant's indigency. At this time appellant was represented by another lawyer who had been retained by appellant but not paid.

At the hearing, appellant testified that she owned 223 acres of wooded area and farm land near Clarksville; that she and her husband owned 49 acres of "homestead" property and 27–30 cows in Oklahoma, and that she had $14,000.00 in a Nevada bank "in an investment." She also testified that at the time of her arrest she had approximately $1,200.00 cash.

At the indigency hearing, appellant, a college graduate, testified that she could not get to her assets because she was in jail; that she was not guilty of possessing heroin, and that the reason she pleaded guilty was because her retained trial counsel told her he "couldn't beat her case." Her testimony shows, however, that the trial court had carefully admonised her pursuant to Art. 26.13, Vernon's Ann.C.C.P.

It was also stipulated that a transcription of the court reporter's notes of appellant's trial would cost less than $300.00.

Upon the record before us, we agree with the trial court that appellant is not indigent. There is no showing that appellant was ever denied the opportunity to consult with whomever she pleased. It was appellant who contacted the attorney who represented her at the indigency hearing. There is no showing that she ever made any arrangements with this attorney so that he, as her attorney, could enable her to properly use her assets for this appeal. Because such arrangements had not been made, her attorney requested permission to withdraw from her case. This request was granted by the trial court.

■ It is well settled that a convicted accused is entitled to effective assistance of counsel on appeal. See Holcomb v. State, 484 S.W.2d 935 (Tex.Cr.App.1972), cert. den., 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606, and cases there cited. However, it is also well settled that a court is under no duty to appoint counsel in the absence of a showing of indigency. See McClendon v. State, 407 S.W.2d 778 (Tex. Cr.App.1966); Clark v. State, 417 S.W.2d 402 (Tex.Cr.App.1967); McCandless v. State, 425 S.W.2d 636 (Tex.Cr.App.1968); Schafer v. State, 436 S.W.2d 352 (Tex.Cr. App.1969); Young v. State, 448 S.W.2d 484 (Tex.Cr.App.1970); and Art. 26.04, V.A.C.C.P.

■ Under the record before us appellant was not entitled to a free transcription of the court reporter's notes of her trial or appointed counsel on appeal.

Nevertheless, we have examined the record for anything we might consider as un-

assigned error in the interest of justice under Art. 40.09, Section 13, V.A.C.C.P. Having done so, we find that all things appear to be regular and nothing is presented for review.

Accordingly, the judgment of conviction is affirmed.