**L. C. STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48458.**

Court of Criminal Appeals of Texas.

May 15, 1974.

**364**

———————

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for the offense of sale of heroin, with the punishment being assessed at fifty (50) years.

The only issue presented in this appeal is the question of whether or not the appellant is indigent for the purposes of this appeal, and is therefore entitled to the use of an in forma pauperis appellate record in order to perfect a meaningful appeal. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Ex parte Campbell, 494 S.W.2d 842 (Tex.Cr.App.

1973); Art. 40.09, Sec. 5, Vernon's Ann. C.C.P.

At the conclusion of the formal sentencing hearing conducted on July 16, 1973, appellant's retained trial counsel gave due and timely notice of appeal. Thereafter, appellant filed a sworn pauper's oath requesting a free transcript in question and answer form for appellate purposes, and a hearing was held on this motion on August 1, 1973. At the conclusion of this hearing, the trial court denied relief and refused to order that a free statement of facts be prepared for the use of counsel on appeal. This court must now determine from the record produced at the hearing on the question of indigency whether the trial judge's denial was error.

At the hearing, appellant testified that he had eight children living at home, with three other "grown" children living elsewhere; that he was married, that his wife did not work, and that she had been on welfare since appellant had been sentenced in this case; that he had no money with which to purchase a record, nor did he have bonds or any other securities which could be easily liquidated.

Appellant further testified that he did own a 1968 Ford station wagon, but related that this car was "not running" and was just "sitting up in the yard." The only other property that appellant owned was his homestead, in which his wife and eight children lived, and a seven-year-old "ordinary horse" for which appellant had paid One Hunrdred Thirty-Five Dollars ($135.-00) seven years before. Appellant testified that he didn't know how much the horse would sell for, but that he would be willing to sell it because the animal would have been no "benefit to him now."

The State presented no evidence in rebuttal of petitioner's testimony. We further note that the record reflects that appellant, being assessed a fifty (50) year prison term, had been in continuous custody of the sheriff since at least June 20,

1973. There is some indication that the record on appeal would have cost between Two Hundred Fifty and Three Hundred Dollars ($250.00 and $300.00) for reproduction.

The State initially contends that appellant is not indigent for the reason that the record shows that appellant, at some time prior to the date of this hearing, had bought a Cadillac automobile for his nineteen-year-old daughter. This record does not reflect when this vehicle was purchased, the model of the vehicle, the location of the vehicle, or its possible worth. Since the marketability of the "ordinary horse" owned by the appellant is not reflected in this record, we can hardly say that the ownership of this particular animal classifies appellant as a non-indigent.

The State alternatively suggests that since the record does not contain a timely written designation requesting the statement of facts, appellant has in some manner waived his right to request an in forma pauperis appellate record. We note that Art. 40.09(2), V.A.C.C.P. requires a written designation to be filed "within sixty days after notice of appeal is given," and that in this case, the trial court conducted its hearing on the request for a statement of facts well within the sixty-day time limit. See Sowell v. State, 505 S.W.2d 877 (Tex.Cr.App.1974).

■ This Court has had, on recent occasions, opportunity to review whether or not a trial court's denial of a free record on appeal constitutes a constitutional abuse of discretion. See Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Barrow v. State, 502 S.W.2d 162 (Tex.Cr.App.1973); Butler v. State, 506 S.W.2d 902 (Tex.Cr.App., delivered March 13, 1974). A review of these cases makes it abundantly clear that the final decision as to the status of "indi-

gency" will require a case-by-case analysis of each individual situation.

■ While there appear to be no firm standards set out in our statutes, see Art. 40.09(5), V.A.C.C.P., nor case law providing guidance to trial judges in determining the actual indigency of a criminal defendant, it is clear that appellant in this case established a prima facie case of his status as an indigent at the date of this hearing. See Kitchens v. Smith, 401 U.S. 847, 91 S. Ct. 1089, 28 L.Ed.2d 519. Compare Butler v. State, supra.

■ In response to the State's argument that appellant's failure to obtain an agreed or narrative statement of facts, or file formal bills of exception should support the trial court's denial, we point to the language in Curry v. State, supra, where it was said:

" . . . the parties, with the approval of the trial court, may utilize an agreed statement of facts, Art. 40.09 § 14, supra, and a formal bill of exception may be used to disclose some action, event, testimony, etc., not otherwise shown by the record. *If found to be indigent, appellant need not use these alternative methods unless by choice.* Thus, it would appear that our statutory procedure is broader than the constitutional requirements. The grounds of error alleged need not make out a 'colorable need for the complete transcript' before the indigent becomes entitled to a *complete record* by virtue of the statutory provisions." (Emphasis added)[1]

It being well settled that a convicted accused is entitled to the effective assistance of counsel on appeal, we must conclude that the record in this case supports the appellant's position that he is indigent, and, under this record, appellant is entitled to a free transcription of the court reporter's

---

1. We also note in this case that appellant's counsel, during the motion for new trial hearing, argued that the evidence was insufficient and that the trial court had improperly denied

certain requested jury charges. Without a statement of facts for the purposes of appeal, a review of these contentions would be very difficult.

notes for appeal purposes. See Griffin v. Illinois, supra; Ex parte Tullos, 476 S.W. 2d 689 (Tex.Cr.App.1972); Ex parte Perez, 479 S.W.2d 283 (Tex.Cr.App.1972); Steel v. State, 453 S.W.2d 486 (Tex.Cr. App.1970); Richardson v. State, 495 S. W.2d 246 (Tex.Cr.App.1973); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963).

For the reasons stated, the appeal is abated in order that a record may be supplied to counsel and that a full and meaningful appeal can be accorded to this appellant pursuant to Art. 40.09, V.A.C.C.P.

It is so ordered.

Opinion approved by the Court.