**Dorothy Nell SIMMONS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48828.**

Court of Criminal Appeals of Texas.

July 10, 1974.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Justice.

This is an appeal from a conviction for the offense of robbery by assault. The trial was to a jury on a plea of not guilty. After a finding of guilty, the jury assessed appellant's punishment at five (5) years.

The record reflects that appellant was represented at trial by retained counsel. She was sentenced and gave notice of appeal on October 29, 1973. On October 31st she made a Five Thousand and no/100 Dollar ($5,000.00) appeal bond, which was co-signed by one surety. On November 7th, appellant wrote a letter to the trial court in which she stated that she was sick, could not find work, was unable to retain a lawyer, and requested the trial court to appoint a lawyer to represent her. The trial court wrote appellant that since appellant was able to make a Five Thousand and no/100 Dollar ($5,000.00) surety bond the court did not feel that appellant qualified as an indigent, and therefore declined to appoint counsel to represent appellant on appeal.

On January 25, 1974, the clerk notified appellant's trial counsel by certified mail that the record on appeal was complete. Apparently no objections were made to the record, and the record on appeal was approved by the trial court on February 11, 1974. Notice of the court's approval of the record was given by certified mail to appellant's trial counsel on the same date. The record as approved by the trial court does not contain a transcription of the court reporter's notes. No brief was filed in the trial court within the time required by Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. There is nothing in the record to show that appellant's retained counsel made, or the trial court granted, a request

to withdraw from the case. However, on March 13th, an order was entered by the trial court extending the time for appellant to file her brief until April 12th. Such order noted that there was no attorney of record on appeal for appellant, and further ordered that notice of the order extending the time within which to file an appellate brief be mailed to appellant. The certified mail receipt reflects that appellant received a copy of such order on March 19th. On May 23rd, the trial court ordered the record transmitted to this Court. As of this date, no brief has been filed in appellant's behalf.

The appellant has shown her desire to appeal this case by giving notice of appeal. Anders v. State, 471 S.W.2d 584 (Tex.Cr. App.1971). Although the record does not so reflect, apparently the trial court permitted appellant's counsel to withdraw from further representation of her. The record does reflect that within nine days after appellant indicated her desire to appeal she also informed the court that she was sick, unable to find work, unable to hire a lawyer, and requested the court to appoint a lawyer to represent her on appeal. The trial court denied this request without hearing on the sole and only basis that appellant had made a Five Thousand and no/100 Dollar ($5,000.00) surety bond pending appeal.

■ We are unable to say that because appellant had made a Five Thousand and no/100 Dollar ($5,000.00) appeal bond, that fact, and that alone, warranted the trial court in refusing to appoint counsel for appellant on appeal in the absence of a hearing.

Article 26.04(a), Vernon's Ann.C.C.P., provides:

"Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence."

However, we have been unable to find any statute or decision by this Court which requires a defendant to file an affidavit of indigency.

■ We hold that when a defendant, who has indicated his desire to appeal, makes known to the trial court that he is indigent, a duty then devolves upon the trial court to hold a hearing to determine such question. If the trial court finds that the defendant is indigent, the court should take the proper steps to provide appellant with a free transcription of the court reporter's notes, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Ex Parte Mays, 510 S.W.2d 606 (Tex.Cr.App.1974); and effective counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967); Lopez v. State, 486 S.W.2d 559 (Tex.Cr.App.1972). Proceedings may then be had in the trial court in accordance with Article 40.09, Vernon's Ann.C.C.P.

If the trial court finds that a defendant is not indigent, then the court should ascertain whether retained counsel's withdrawal from the case, failure to obtain a transcription of the court reporter's notes, and failure to file a brief in the trial court were taken with the knowledge and consent of appellant. Steel v. State, 453 S. W.2d 486 (Tex.Cr.App.1970). The appeal should then be returned to this Court, together with the trial court's findings and the transcription of the court reporter's notes at said hearing of indigency, in order that this Court might properly review the same.

For the reasons stated, the appeal is abated.