Joe Henry **SIFFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48780.

Court of Criminal Appeals of Texas.

July 17, 1974.

L. Bruce Roberson, Perryton, for appellant.

Otis C. Shearer, County Atty., Booker, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is driving while intoxicated, a felony; the punishment, four years, probated.

By his first ground of error, appellant contends the prior misdemeanor conviction is void because he did not have counsel at that time, and was indigent and had not waived counsel. The prior conviction was had March 27, 1972, and the punishment assessed included jail confinement. Accordingly, appellant was entitled to appointed counsel if he was indigent and did not waive same. See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373.

A review of the record reflects that the following findings of the trial court are supported thereby:

" . . . that the Defendant, Joe Henry Sifford, on March 27, 1972, was not an indigent person, but together with his wife was the operator of a small trucking business. The testimony of Mr. and Mrs. Sifford is that in about August of 1971, the Defendant and his wife owned a three bedroom home in Hammond, Oklahoma, and at that time, did borrow about $4800.00, to go into the trucking business. With these proceeds, the Defendant purchased a truck for $2,000.00 and paid $800.00 down on two trailers for the truck.

"Also at this time, the Defendant owned a 1971 Ford pickup, that was purchased on time payments, and an old passenger car that was later junked.

"On March 27, 1972, the Defendant and his wife were engaged in the trucking business with the above mentioned equipment, and did shortly before this time pay License Fees in approximately the amount of $600.00, together with monthly payments on the two trailers. At a later period of time, the Defendant employed two different firms of attorneys to represent him in the present action in Lipscomb County, making part payments periodically in this connection. The Court finds that the Defendant had a going business on March 27, 1972. And, although the equipment was mortgaged, that there was a net worth in the trucking business, and that the Defendant was not an indigent person on this date."

The trial court, after judging the credibility of the witnesses and weighing the evidence before it, having found appellant was not indigent at the time of his prior conviction, and there being evidence in the record to support that finding, we sustain the same and overrule appellant's first ground of error. Cf. Butler v. State, Tex. Cr.App., 506 S.W.2d 902.

Appellant next contends that State's Exhibit 2, a partially filled vodka bottle, should have been excluded for want of a proper chain of custody and because its introduction was inflammatory. The latter ground not having been urged before the trial court, only the former is presented for review. Testimony showed the bottle identified by the arresting officer who had placed his handwriting on it before putting it in the safe where it was stored. Having traced it from arrest to the safe, the security of and limited access to the safe was shown. Thereafter another officer testified to the transporting of the bottle from the safe to the court. There is no evidence of any tampering with the exhibit. The chain of custody was sufficiently demonstrated.

Finally, appellant raises two grounds of error challenging the court's

charge, contending (1) that the burden upon the State was reduced by allowing the jury to convict solely upon finding appellant was under the influence of intoxicating liquor upon the charged date, and (2) that the court incorrectly stated the law in directing that the State must prove that appellant was previously convicted on the charged date rather than that he was "duly and legally" so convicted. The first is without merit, and relies upon reading a portion of the charge out of context. When the entire sentence is read, the charge properly requires a finding of each element, beyond a reasonable doubt, before a verdict of guilty would be authorized. The second is likewise without merit. The validity of the prior conviction was properly determined by the court before its admission into evidence and appellant stipulated he was the same individual named in the documents evidencing the challenged conviction.

Finding no reversible error, the judgment is affirmed.