**Sammy Lee FOLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49173.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Oct. 30, 1974.

---

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of passing a forged instrument, enhanced under Article 62, Vernon's Ann. P.C., with the punishment being assessed at the mandatory five (5) years in the penitentiary.

The record on appeal contains no brief filed by appellant's counsel. The record does contain a statement of facts which reflects that appellant was represented by court-appointed counsel at trial, who was also appointed on appeal, but was subsequently allowed to withdraw by order of the court.

The question is then presented as to whether or not the trial court erred in granting the court-appointed counsel's motion to withdraw after the court determined, without a hearing, that appellant was no longer indigent and therefore entitled to the services of court-appointed counsel on appeal.

The record reflects that appellant was sentenced on February 20, 1974, and that

the trial court appointed an attorney to represent appellant on appeal. On February 23, 1974, appellant executed a Seventy-five Hundred ($7500.00) Dollar appeal bond, and was released from custody. The court reporter completed the statement of facts of the trial on March 20, 1974, and filed same with the clerk of the court. On April 25, 1974, the attorney notified the judge that appellant had discussed the possibility of hiring him·to represent appellant on appeal. Counsel asked that the court notify him as to appellant's status as an indigent on appeal.

Subsequently, the attorney filed a motion to withdraw as court-appointed counsel, stating that he had been "unable to contact his defendant, either by phone or by mail," and such motion was eventually granted on August 14, 1974, with the trial court making the following findings, to-wit:

"... although on bond through the services of a Professional Bondsman, (appellant) has failed and refused to respond to efforts to contact him. Therefore, taking into consideration that said appellant has sufficient funds to employ a Professional Bondsman and had, at one time, attempted to hire his previously Court-Appointed Counsel to perfect said appeal, it is the opinion of this Court that said Sammy Lee Foley is not an indigent and is not entitled to Court-Appointed Counsel on appeal."

■ It is, of course, well settled that the trial court cannot allow court-appointed counsel to withdraw prior to the outcome of an indigent's appeal. See Moore v. State, 466 S.W.2d 289 (Tex.Cr.App.); Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493; Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.); Ex parte Campbell, 494 S.W.2d 842 (Tex.Cr. App.). However, if the appellant were not indigent, then the rationale of Anders v. California, supra, would not apply, and there would be no error in allowing the court to withdraw court-appointed counsel's appearance in favor of retained counsel.

■ In the case at bar, appellant was represented by court-appointed counsel at trial, therefore there was a presumption of appellant's desire to appeal as an indigent. See Ex parte Perez, 479 S.W.2d 283 (Tex.Cr.App.). However, when the court was informed that appellant had personally made a substantial surety bond and had contacted an attorney for the purpose of hiring him on appeal, the court acted appropriately in making an inquiry as to whether or not there was a "change in circumstances" which would allow the court to rescind its order determining appellant's status to be that of an indigent. This Court has consistently held that the trial court has a duty and responsibility to make an inquiry into the case where trial officials are put on notice that there has been a change of financial status of an appellant during the appeal process. See Sowell v. State, 505 S.W.2d 877 (Tex.Cr.App.); Simmons v. State, 511 S.W.2d 308 (Tex. Cr.App.); Stephens v. State, 509 S.W.2d 363 (Tex.Cr.App.); Richardson v. State, 495 S.W.2d 246 (Tex.Cr.App.).

■ The trial court is given the authority to conduct an evidentiary hearing to determine the status of a criminal defendant as an indigent at both the trial and appellate phase of the criminal proceeding. See Articles 26.04 and 40.09, Section 5, V. A.C.C.P. This hearing may be held at any time during the criminal proceeding, if the trial court is placed on notice that there may be a change of "financial-economic" conditions which would alter the appellant's status as a pauper. See and compare Butler v. State, 506 S.W.2d 902 (Tex.Cr. App.); Sifford v. State, 511 S.W.2d 526 (Tex.Cr.App.); Stephens v. State, supra; Simmons v. State, supra.

■ In the instant case, the trial court considered appellant's release on appeal bond to be a primary factor in determining that appellant was not indigent. While the making of appeal bond may well

be a factor, it is not absolutely *per se* determinative of appellant's status as a nonindigent. See Simmons v. State, 511 S.W.2d 308 (Tex.Cr.App.). However, the fact that appellant made appeal bond, plus the fact that he approached an attorney for the purpose of retaining him for appeal, clearly indicated to the trial court that there may have been a change of condition requiring a re-evaluation of appellant's status as an indigent.

■ The record is replete with indications that appellant's trial counsel, appellant's bondsman, and the trial court made attempts to locate appellant for the purpose of conducting further inquiries into this matter. Appellant responded to none of these inquiries.[1] It would appear that appellant's failure to maintain himself within the jurisdiction of the court in order to answer the court's request of appearance is tantamount to a waiver of his right to submit further evidence as to his possible indigency. See and compare Ex parte Francis, 510 S.W.2d 345 (Tex.Cr.App.1974); Smith v. State, 513 S.W.2d 586 (Tex.Cr.App., delivered September 18, 1974).

■ The trial court's supplemental findings that appellant is no longer indigent, not being objected to nor refuted by appellant, are not clearly erroneous, and we cannot conclude that the trial court abused its discretion in allowing court-appointed counsel to withdraw. See Barrow v. State, 502 S.W.2d 162 (Tex.Cr.App.). Appellant has, therefore, effectively waived his right to have court-appointed

counsel on appeal. See Smith v. State, supra, and cases cited therein.

We have examined the record and find nothing contained therein which we should consider as unassigned error under Article 40.09, Section 13, V.A.C.C.P. No reversible error is presented.

The judgment is affirmed.

---

1. It would appear that appellant's failure to respond and make appearance upon request by the court is in direct violation of Article 17.-08, Section 5, V.A.C.C.P., which requires:

   ". . . the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and placed where, his presence may be required under this Code or by any court or magistrate;"

   Appellant's failure to appear at the request of the court may well have been a violation of Title 8, Section 38.11, V.A.P.C., as amended January 1, 1974, which would make it a felony offense to "jump bond" under a felony appeal bond. Also, the record does not show that any attempts have been made to forfeit appellant's appeal bond, but it appears that such proceedings could have been initiated under these circumstances. See International Fidelity Insurance Company v. State, 495 S.W.2d 240 (Tex.Cr.App.1973); Hodges v. State, 489 S.W.2d 916 (Tex.Cr.App.1973).