**Beatrice PERRYMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48875.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.  The original conviction was that of felony theft.

The record reflects that appellant, then nineteen years old, was placed on probation on April 11, 1973.  On August 30, 1973, the State filed its motion to revoke probation.  A capias was issued and it appears that the appellant was arrested on September 4, 1973, and subsequently wrote the judge that she was pregnant and needed

---

appointed counsel. On September 12, 1973, the judge appointed counsel to represent the appellant and in his letter to such counsel stated that the appellant was in jail and had been found by him to be "too poor to employ counsel." The case was subsequently transferred to another District Court of Lubbock County. That court entered an order appointing the same counsel, finding indigency on the part of the appellant. On December 17, 1973, probation was revoked. Sentence was imposed. The following date the appellant made an appeal bond of $5,000 cosigned by one surety. On March 18, 1974, appellant's court appointed counsel filed a motion to withdraw as counsel. Such motion stated, among other things, that at the time the appeal bond was set the appellant was advised that if she made such bond she would have to secure and pay for her own counsel on appeal, and that several occasions since her release she had been advised by appointed counsel of the necessity of hiring him or someone else to handle the appeal, but she had not done so. The motion to withdraw was granted, apparently without notice to the appellant, on the date it was filed.

The fact that appellant made the appeal bond is not determinative of her status as a non-indigent, Simmons v. State, 511 S.W.2d 308 (Tex.Cr.App.1974), but is only a factor to be considered. Foley v. State, 514 S.W.2d 449 (Tex.Cr.App.1974). Here, the fact that appellant made a substantial appeal bond would have given the trial judge ample justification for inquiry into her status as an indigent. However, unlike the situation in Foley v. State, supra, there is nothing in the record before us to indicate that the trial court made any attempt to locate appellant for the purpose of conducting further inquiries into this matter.

Consequently, we abate the appeal in order that the trial court might hold a hearing to determine such question. If the trial court finds that appellant is indigent, the court should take the proper steps to provide appellant with a free transcription of the court reporter's notes, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Ex parte Mays, 510 S.W.2d 606 (Tex.Cr.App.1974); and effective assistance of counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Lopez v. State, 486 S.W.2d 559 (Tex.Cr.App.1972). Proceedings may then be had in the trial court in accordance with Article 40.09, Vernon's Ann.C.C.P.

If the trial court finds that appellant is not indigent, then the appeal should be returned to this court, together with the trial court's findings and the transcription of the court reporter's notes at said hearing of indigency, in order that this court might properly review the same.

For the reasons stated, the appeal is abated.