**Guy WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51475.**

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

None for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted by a jury of driving while intoxicated, subsequent offense, and it assessed his punishment at four (4) years.

We have concluded that the appeal must be abated.

The record reflects that, prior to trial, appellant filed an affidavit of indigency. He was represented by counsel at trial, but whether such counsel was court-appointed is not shown by the record. After trial, but prior to sentencing, appellant filed another affidavit of indigency, requesting a free record on appeal and the appointment of counsel to represent him on appeal. Appellant's trial counsel was appointed to represent him on appeal, sentence was pronounced, and notice of appeal given. Thereafter, appellant obtained his release from custody upon making a $3,500 appeal bond. After appellant's release from custody, his court-appointed counsel filed a motion to withdraw stating that, because appellant had made the appeal bond, he would no longer qualify as an indigent. The motion to withdraw was granted by the trial court on July 28, 1975.

On October 15, 1975, the trial court entered an order in which he concluded that the appellant was not indigent. This conclusion was based on the fact that appellant had made the aforesaid appeal bond and that "at various points in the testimony upon the trial of this cause the defendant testified that he was receiving compensation from the United States Government which was adequate to maintain him . . . ." On the same day notice of completion of the record was mailed to appellant. Apparently, there were no objections thereto and the court approved the record on October 31, 1975.

We have held that the fact that an appellant made an appeal bond is not determinative of his status as a non-indigent, *Simmons v. State*, 511 S.W.2d 308 (Tex.Cr. App.1974), but is only a factor to be considered. *Foley v. State*, 514 S.W.2d 449 (Tex.Cr.App.1974). Here, the fact that appellant made an appeal bond would have given the trial judge ample justification for inquiry into his status as an indigent.

From the trial court's order, it is apparent that the trial court gave great weight to testimony at the trial concerning appellant's financial condition in determining that appellant was not indigent. However, the court had previously heard the same testimony prior to the time he found appellant indigent and appointed counsel to represent him on appeal. Thus, it would appear that the factor that tipped the scales in favor of the trial court's determination that appellant was not indigent was the fact that appellant made the aforementioned appeal bond. We find nothing in the record to indicate that appellant was given notice that court-appointed counsel was being allowed to withdraw or that appellant was given notice of the trial court's reconsideration of his economic status. See *Perryman v. State*, 519 S.W.2d 438 (Tex.Cr. App.1975).

Consequently, we abate the appeal in order that the trial court might hold a

hearing to determine such question. If the trial court finds that appellant is indigent, the court should take the proper steps to provide appellant with a free transcription of the court reporter's notes, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Curry v. State*, 488 S.W.2d 100 (Tex. Cr.App.1972); *Ex parte Mays,* 510 S.W.2d 606 (Tex.Cr.App.1974); and effective assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Lopez v. State*, 486 S.W.2d 559 (Tex.Cr.App. 1972). Proceedings may then be had in the trial court in accordance with Art. 40.09, Vernon's Ann.C.C.P.

If the trial court finds that appellant is not indigent, then the appeal should be returned to this Court, together with the trial court's findings and the transcription of the court reporter's notes at said hearing of indigency, in order that this Court might properly review the same. See *Stephens v. State*, 509 S.W.2d 363 (Tex.Cr.App.1974).

For the reasons stated, the appeal is abated.