Dave Wallace ROBERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51877.

Court of Criminal Appeals of Texas.

July 19, 1976.

Dave Wallace Roberson, pro se.

Robert W. Gage, County Atty., Fairfield, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction by a jury for the offense of escape from jail. Punishment, enhanced under Article 63, Vernon's Ann.P.C., 1925, was assessed at life.[1]

Appellant is appealing his case pro se and in his first ground of error he asserts he is indigent and has been denied his constitutional right to counsel on appeal.

It appears he was represented by appointed counsel at trial. On March 17, 1975, the appellant was sentenced and on the same date the court conducted a hearing to determine his indigency for the purpose of appeal. The appellant filed a pauper's oath. Appellant testified he owned no property but he had about $230.00 in money and properties, but all he actually had in cash was $40.00 "on account" in the penitentiary. On cross-examination he admitted that a few days before sentence was imposed he received $1,000.00 in a compromise settlement in a civil lawsuit against the sheriff of Freestone County. He revealed he had signed the money over to his father to pay a bank note of $400.00 at Elkhart due for some time, to repay his father for a typewriter the father had purchased for him and for money the father had sent him for cigarettes, etc., and stated he more or less owed it to his father. His attorney testified, after the attorney-client privilege was waived, that he had discussed with the appellant the possibility of an appeal and what would be necessary to perfect the appeal. At the conclusion of the hearing the court held that appellant was not indigent and appellate counsel would not be appointed, but told the appellant he did not want to deprive him of his appeal and if he was unable to both hire an attorney and pay for the transcription of the court reporter's notes the county would provide one or the other. The appellant then

---

1. The indictment presented in November, 1974, alleged the primary offense occurred on or about May 1, 1973. At appellant's trial commencing on February 20, 1975, there was no election made to be punished under the new Penal Code, effective January 1, 1974.

stated, "I am unable to pay for one of them and I would rather have the transcript and I will fight it myself," and " . . . I got money to pay for one of them but I ain't got money to pay for both of them." The court then ordered a transcription of the court reporter's notes to be prepared at approximate cost of $1,000.00.

On July 21, 1975, appellant appeared pro se at a hearing to correct the appellate record and there was some discussion by the appellant with the court about a staff counsel at Department of Corrections asking to be appointed for the purpose of the appeal and the court declining in view of the earlier hearing, wherein appellant stated he would hire his own counsel.

On August 13, 1975, appellant again appeared pro se on a continuation of the hearing on the motion to correct the record and asked the court for the assistance of counsel and stated he knew little of the law. He asked the court to appoint counsel and that he "would help the court pay one, that I have got a little money I could pay." He stated he did not have enough money to pay a lawyer for his appeal, that one lawyer wanted $250.00 just to come talk to him at the Ellis Unit, Department of Corrections, and another wanted $50.00 just "to drive out from Huntsville" to talk about the case. Upon inquiry, appellant told the court the staff counsel had shown him a letter where the Department of Corrections would not permit him to get involved.

On November 3, 1975, the appellant filed his pro se brief, initially alleging that he was indigent and without counsel.

In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court held that indigent defendants were denied equal protection of the law where the merits of the one appeal they had from their convictions were decided without benefit of counsel. See also *Lopez v. State*, 486 S.W.2d 559 (Tex.Cr.App. 1972); *Currie v. State*, 516 S.W.2d 684 (Tex. Cr.App.1974); *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App.1975). In *Simmons v. State*, 511 S.W.2d 308 (Tex.

Cr.App.1974), this court held that the mere fact the defendant made a $5,000.00 appeal bond was not reason alone to refuse to appoint counsel on appeal in the absence of a hearing. See and cf. *Foley v. State*, 514 S.W.2d 449 (Tex.Cr.App.1974).

Only recently in *Conrad v. State*, 537 S.W.2d 755 (Tex.Cr.App., delivered June 16, 1976), we stated:

"There are no standards set out for guidance to trial judges in determining the actual indigency of a defendant for the purposes of appeal. See Article 40.-09(5), V.A.C.C.P. Each case must be decided upon its facts."

In such case this court also noted that parents of a defendant are not legally bound to pay the expenses of an appeal.

In the instant case, while the court did conduct a hearing, we are confronted with a situation where the appellant at the time of notice of appeal filed a pauper's oath and requested appointment of counsel on appeal.. While he may not have been wise in view of his circumstances to assign away the money received from the civil lawsuit to pay past debts, his testimony that he no longer had the money was undisputed. It was only after the court stated the county would furnish either the record or counsel on appeal did appellant agree to take the record and offer to get counsel. Since that time, over a year ago, it is obvious that appellant, in the Department of Corrections under a life sentence, is still without counsel though it appears that repeated efforts have been made to secure counsel without success.

In the interest of justice we abate this appeal for a clear-cut determination of appellant's indigency for the purposes of appeal after a full-blown hearing on the issue, following which the trial court shall file findings of fact and conclusions of law. If found indigent, appellant should have counsel appointed for the purposes of appeal and with proceedings in accordance with Article 40.09, Vernon's Ann.C.C.P.

The appeal is abated.