**Ex parte Carlos GARCIA.**

No. 53484.

Court of Criminal Appeals of Texas.

March 23, 1977.

Larry J. Adams, Corpus Christi, Court-appointed, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a post conviction habeas corpus proceeding. See Article 11.07, V.A.C.C.P. and *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967).

Pursuant to an order of this Court petitioner was granted an evidentiary hearing in the convicting court to determine whether he had been denied the right of appeal. The hearing has now been held, and that record is before this Court. It contains the findings of fact and conclusions of law made in the trial court.

The court's findings of fact and conclusions of law are as follows:

"After considering the pleading, the evidence, and the arguments of counsel, the Court makes the following findings of fact:

"1. On September 15, 1971, a jury convicted Petitioner of Assault With Intent to Murder and assessed his punishment at 23 years in the penitentiary in cause number 13926 in the 105th District Court of Nueces County, Texas.

"2. Petitioner was represented by retained counsel, Neal Dancer, during his trial.

"3. On September 23, 1971, a motion for new trial was filed by Petitioner. That motion was signed by the Petitioner but not by his counsel.

"4. Defense counsel obtained an order setting the motion for new trial for a hearing on October 7, 1971.

"5. Petitioner was sentenced on October 7, 1971.

"6. There was no hearing on the motion for new trial prior to sentencing.

"7. At the time of sentencing, neither Petitioner or his counsel objected to Petitioner being sentenced without a hearing on his motion for new trial.

"8. At the time of sentencing Petitioner knew of his right to appeal.

"9. At Petitioner's request, oral notice of appeal was given on October 7, 1971, after he was sentenced.

"10. After sentencing, Petitioner was informed by the Trial Court of his right to appeal and of his right to have counsel appointed to represent him if he was indigent. Concerning this fact, the Trial Court relies on the testimony of defense counsel and rejects that of Petitioner.

"11. Petitioner at the time of sentencing, was not indigent.

"12. At the time of sentencing, Petitioner did not intend to appeal his case.

"13. Petitioner's counsel gave notice of appeal to protect Petitioner's rights in case Petitioner changed his mind and decided to appeal.

"14. Petitioner made no further contact with his counsel after October 7, 1971. Concerning this fact, the Trial Court relies on the testimony of defense counsel and rejects that of Petitioner.

"15. Petitioner did not retain his trial counsel, Neal Dancer, to represent him on appeal. Defense counsel never told Petitioner that he would represent him on appeal. Petitioner knew that Mr. Dancer was not retained to represent him on appeal. Concerning these facts, the Trial Court relies on the testimony of defense counsel and rejects that of Petitioner.

"16. All money paid to defense counsel was for representation of Petitioner during the trial of his case through sentencing and no money was paid to defense counsel to represent Petitioner on appeal. Concerning this fact, the Trial Court relies on the testimony of defense counsel and rejects that of Petitioner.

"17. Petitioner's first application for writ of habeas corpus filed on November 26, 1975, was an attempt to perfect a late appeal of his case.

"18. Petitioner did not complain of any failure of his retained counsel to perfect an appeal until the filing of his second application for writ of habeas corpus dated May 2, 1976.

"On the basis of these findings, the Court concludes (1) that Appellant waived his right to appeal, (2) that Appellant was not deprived of his right to appeal and (3) that Appellant was not deprived of assistance of counsel to perfect his appeal.

"Signed on this date: September 20, 1976"

■ The findings of fact and conclusions of law were conscientiously made by the trial court. However, this Court is not

bound by the findings of the trial court in a habeas corpus proceeding such as this. *Ex parte Davila*, 530 S.W.2d 543 (Tex.Cr.App. 1975); *Ex parte Young*, 479 S.W.2d 45 (Tex. Cr.App.1972), and the cases there cited.

 From our review of the evidence we find that the court's finding number eleven, that the petitioner was not indigent at the time he gave notice of appeal, is not supported by the evidence. The petitioner testified that he was indigent at the time he gave notice of appeal. The petitioner's counsel, who was retained for the trial of the case, stated that he would only be guessing, but that he thought the petitioner was indigent at the time notice of appeal was given. The evidence shows that retained counsel was paid considerably less than one-half of the fee which he had set for the trial of the case, and this amount of the fee was paid in installments by the petitioner and by members of his family over a period of time prior to trial. The record also reflects that the petitioner was in jail at the time of giving notice of appeal. There is no evidence in the record concerning the petitioner's employment or that he had any property whatsoever at the time of trial and at the time that he gave notice of appeal. Based on this record we must find that there is no evidence that the petitioner was other than indigent at the time that he gave notice of appeal.

 We find it difficult to reconcile finding of fact nine, which states that at the petitioner's request oral notice of appeal was given on October 7, 1971, after he was sentenced; and finding of fact number twelve, that at the time of sentencing petitioner did not intend to appeal his case. Finding of fact number thirteen does not satisfactorily resolve this apparent conflict; we find that the petitioner by giving notice of appeal intended to appeal from the judgment of conviction at the time he gave notice of appeal.

 Since it appears that the petitioner was indigent at the time he gave notice of appeal, he was entitled to have a free record for his appeal and counsel appointed to represent him on appeal. *Curry v. State*, 488 S.W.2d 100 (Tex.Cr.App.1972); *Perryman v. State*, 519 S.W.2d 438 (Tex.Cr.App. 1975); *Weeks v. State*, 521 S.W.2d 858 (Tex. Cr.App.1975); *Roberson v. State*, 538 S.W.2d 788 (Tex.Cr.App.1976).

 Although the court made no finding as to whether a record for delayed appeal can be furnished, stipulations in the record made in open court by the State and the petitioner and which were acknowledged by the court indicate that it is impossible at this time to furnish a record on appeal. Since the petitioner was deprived of an appeal and the State cannot now afford him a meaningful delayed appeal, the petitioner is entitled to a new trial. *Ex parte Young*, 517 S.W.2d 288 (Tex.Cr.App.1974); *Ex parte Coleman*, 487 S.W.2d 119 (Tex.Cr. App.1972); *Ex parte Pugh*, 465 S.W.2d 946 (Tex.Cr.App.1971); *Ex parte Moreland*, 456 S.W.2d 949 (Tex.Cr.App.1970).

The relief sought is granted and the petitioner is remanded to the Sheriff of Nueces County to again stand trial under the indictment in Cause No. 13,926 in the 105th District Court.

Opinion approved by the Court.