**Marian Elizabeth ZANGHETTI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58061.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 20, 1979.

George M. Karam, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and James E. Rose, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

Appellant was convicted for the murder of her husband and placed on probation for ten years. The only issue raised is whether appellant is entitled to a free transcription of the court reporter's notes in order to prepare her appeal on the merits. *Guillory v. State*, Tex.Cr.App., 557 S.W.2d 118.

Determination of whether an appellant is entitled to a free transcription of the court reporter's notes must be decided on a case by case analysis. *Stephens v. State*, Tex.Cr.App., 509 S.W.2d 363. The issue is a matter of the defendant's financial status at the time of appeal, not at the time of trial. *Barber v. State*, Tex.Cr.App., 542 S.W.2d 412; *Conrad v. State*, Tex.Cr.App., 537 S.W.2d 755. Also, it is a matter of the individual defendant's financial condition, not that of his parents or other relative. *Ex parte King*, Tex.Cr.App., 550 S.W.2d 691; *Conrad v. State*, supra.

In this case, appellant retained counsel to represent her at trial, but still owed that attorney a considerable portion of his fee. At the time of the hearing on her financial condition, held in May 1977, she had over $10,000.00 of outstanding obligations, had monthly expenses of approximately $568, and had averaged about $400 a month over the preceding four months as a part-time bookkeeper at $4.50 an hour. Financial assistance from relatives enabled her to make up the difference needed to meet her monthly expenses.

She testified that during her marriage she had not worked outside the home, and that since her husband's death she had secured several jobs, but was fired when her employers found out she was under indictment. Her only property was some furniture which she valued at $250 and a 1974 Lincoln Continental. This automobile was appraised by a used car dealer at $2700, but he refused to buy it because there was no market for such a car. Another dealer also told her there was no market for the car. She also testified that the bank told her the book value for the car was $5000, but the record does not reflect the date of that information, which could have been 1976 when she refinanced the car. The outstanding encumbrance on the car was over $1600.

It was stipulated that the record in the case would cost from $1500 to $2000. The State argues that the evidence of the car's book value of $5000 encumbered to $1600 shows appellant "had $3400 in available cash." The only evidence, however, is that there was no market for the car. The State also contends that appellant's $255-a-month apartment is relative luxury. There is no evidence, however, that the housing market in Houston would place her apartment in the luxury category, and appellant testified she could not find a cheaper apartment in a part of town where a single woman would feel safe.

Appellant has made a prima facie showing of a right to a free record on appeal. *Stephens v. State*, Tex.Cr.App., 509 S.W.2d 363. We also note, however, that over two years have elapsed since the hearing was held on appellant's motion for a hearing, and circumstances may have changed. A hearing may be held at any time during the criminal process if the trial court is placed on notice that there may be a change in the financial conditions that would alter the appellant's status as a pauper. *Foley v. State*, Tex.Cr.App., 514 S.W.2d 449. We hold that in the absence of a motion alleging a change in appellant's financial status that would enable her to pay for the record on appeal, she is entitled to one provided to her without cost.

The appeal is abated.