Order filed January 20,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00063-CR 

                                                    __________

 

                             ROBERTO
GARCIA VERA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 132nd District Court

                                                           Scurry
County, Texas

                                                       Trial
Court Cause No. 9566

 



 

                                                                     O
R D E R

            The
trial court denied Roberto Garcia Vera’s request for a free record in his
appeal of his felony driving while intoxicated conviction.  On appeal,
appellant contends that the trial court abused its discretion in finding that
he was not indigent for the purposes of obtaining a free record on appeal.  We
abate the appeal and direct that the appellate record be furnished without
charge.  

            In McFatridge
v. State, 309 S.W.3d 1 (Tex. Crim. App. 2010), the Court of Criminal
Appeals recently reiterated the applicable law concerning indigency on appeal,
stating:          

A
defendant is indigent for purposes of the appointment of appellate counsel if
he is “not financially able to employ counsel.”  For purposes of qualifying as
an indigent in order to receive a copy of the record furnished without charge,
a defendant must be unable to “pay or give security for the appellate record.” 
Indigency determinations are made at the time the issue is raised and are
decided on a case-by-case basis.  Determining indigency for purposes of
appointing counsel and indigency for purposes of obtaining a free record are
discrete inquiries, but the factors to be considered are the same.  A defendant
can be found indigent for one purpose without being found indigent for the
other.  Relevant to both indigency determinations are “the defendant’s income,
source of income, assets, property owned, outstanding obligations, necessary
expenses, the number and ages of dependents, and spousal income that is
available to the defendant.”  Each county should have guidelines and financial
standards that it applies to determine whether a defendant is indigent for
purposes of appointing counsel.  

 

            This
Court has adopted a two-step process to guide courts in making indigency
determinations for purposes of a free record for appeal.  First, the defendant
must make a prima facie showing of indigency.  Once the defendant satisfies
this initial burden of production, the burden then shifts to the State to show
that the defendant is not, in fact, indigent.  This means, essentially, that
unless there is some basis in the record to find the defendant’s prima facie
showing to be inaccurate or untrue, the trial court should accept it as
sufficient to find him indigent. After a defendant establishes a prima facie
showing of indigency, “an appellate court can uphold a trial court’s
determination of non-indigence only if the record contains evidence supporting
such a determination.”  In Whitehead,[1]
we recognized that the two-step process outlined above also applies when
determining whether a person is indigent for purposes of appointed counsel.  A
reviewing court should uphold a trial court’s ruling denying indigent status
only if it finds that the trial court, having utilized this two-step process, “reasonably”
believed the defendant was not indigent.  

 

            A
reviewing court may not consider facts that were not developed in the record.

 

309 S.W.3d at
5-6 (footnotes omitted).  For purposes of a free
record, an appellate court will uphold a trial court’s non-indigency finding if
there is credible evidence in the record supporting such a finding.  Id.
at 9. 

            Appellant’s
punishment in this case was assessed at confinement for forty years.  At the
time of the indigency hearing, appellant had been incarcerated for three
months.  Appellant testified that he had no checking or savings account, no
income, no car, and no credit and that he would not be able to borrow money
from a bank to pay for the record.  Appellant did have one asset:  a house that
his parents had given him.  Appellant lived in that house prior to being
convicted in this case, and according to his affidavit, it was his homestead.  Appellant
testified that the house needed a lot of repairs and could not be rented in the
condition that it was currently in.  The house was not occupied at the time of
the indigency hearing.  When presented with the Statement of Account from the
Scurry County Tax Assessor Collector’s Office, appellant agreed that the value
of the house and land for tax purposes was $13,286, but he did not believe it
was actually worth that much.  The record showed that back taxes of $546.26
were owed on appellant’s house.  Appellant’s affidavit showed that, because of
the condition of the house and its status as his homestead, he “cannot borrow
any money on it.”  Appellant admitted on cross-examination that he probably
could sell the house to cover the $2,900 cost of the reporter’s record, but he
subsequently testified that he did not want to sell his home.

We
hold that appellant established a prima facie case of indigence and that the
trial court abused its discretion in denying appellant’s request for a free
record on appeal.  See Stephens v. State, 509 S.W.2d 363 (Tex. Crim.
App. 1974).  The State, citing McFatridge, relies on appellant’s
ownership of the house to support its contention that he was not indigent and
could pay for the record.  We note that the court in McFatridge
considered only nonexempt assets in making its indigency determination and that
it did not consider the defendant’s house.  309 S.W.3d at 4 & n.5, 7-8.  The
State did not rebut appellant’s assertions regarding the condition of his house
or his inability to pay for the record by means other than the sale of his
house, which was his homestead.  We cannot uphold the trial court’s finding of
non-indigence under these circumstances.  We sustain appellant’s issue.  

The
appeal is abated and will be reinstated upon the filing of the reporter’s
record from appellant’s trial. [2] 
The court reporter is directed to prepare the record and forward it to this
court on or before February 21, 2011.  Appellant’s supplemental brief will be
due thirty days from the date of filing of that reporter’s record, and the
State’s supplemental brief will be due thirty days from the date appellant’s
supplemental brief is filed.  

 

January 20, 2011
                                                                                PER
CURIAM

Do not publish. 
See Tex. R. App. P. 47.2(b).
                     

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                        [1]Whitehead
v. State, 130 S.W.3d 866, 874 (Tex.
Crim. App. 2004).





[2]We note that the clerk’s record has already been filed
in this court.