**Jimmy STEEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42715.**

Court of Criminal Appeals of Texas.

April 29, 1970.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for murder with malice with the punishment assessed at 41 years by the jury.

Appellant was represented at his trial, the hearing on the motion for new trial and at the time of sentencing by employed or retained counsel. On the date of the sentence, May 23, 1969, the appellant filed a pauper's oath to secure a transcription of the court reporter's notes. On the same day the court, finding that the appellant was "financially unable to pay the expenses of said appeal," ordered the preparation of such transcription.

After the approval of the record appellant's counsel requested a 45 day extension

of time over the statutory period in which to file an appellate brief in the trial court. Such request was granted. Such time period expired without any brief being filed. Upon the announcement of the District Attorney to the court that under such circumstances he would file no brief, the court ordered the record forwarded to this court.

There is no motion or request of appellant's counsel for leave to withdraw from the case. No brief or motion on appellant's behalf has been filed in this court.

Therefore, we are clearly confronted with the question of what action should be taken when it is known to the trial judge that (1) a defendant desires to appeal and (2) the court finds the accused is indigent and orders a transcription of the court reporter's notes and (3) appellant's retained counsel files no brief or takes any action to present any grounds of error to the appellate court, without any showing that such action is with the knowledge and consent of the appellant who had previously manifested his desire to appeal.

Certainly it is clear that if counsel was appointed the appeal would be abated to allow the filing of a brief in the trial court on appellant's behalf and for such proceedings as may be conducted in the trial court to provide the appellant with the effective aid of counsel on appeal. Martin v. State, Tex.Cr.App., 441 S.W.2d 535; Garza v. State, Tex.Cr.App., 433 S.W.2d 428; Jackson v. State, Tex.Cr.App., 447 S.W.2d 922.

Does the insertion of the factor of retained counsel who has not requested to withdraw call for a different result?

In Porter v. United States (5 Cir.) 298 F.2d 461, 463, it was pointed out that "the Constitution assures a defendant effective representation by counsel whether the attorney is of his own choosing or court-appointed." See Randazzo v. United States (5 Cir.) 339 F.2d 79; Alexander v. United States (5 Cir.) 290 F.2d 252; Kennedy v. United States (5 Cir.) 259 F.2d 883.

■ The Sixth Amendment has been made applicable to the States through the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, and in Beto v. Martin (5 Cir.) 396 F.2d 432, it was held that the rule in the Fifth Circuit is that an indigent accused can be denied his Sixth Amendment right on appeal when represented by retained counsel only if it is not known to the court that (1) the accused was indigent and (2) he wanted to appeal.

■ When private counsel is engaged, no duty devolves upon the court to appoint counsel in criminal prosecution. However, retained counsel, even one who has not been fully compensated for past services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to the court and the accused and "frustrate forever accused's right to protect his vital interests." Atilus v. United States (5 Cir.) 406 F.2d 694.

In Atilus, supra, it was held that the effective aid of counsel is denied to a defendant in a criminal proceeding if there is misconduct of his non-appointed counsel as amounts to a breach of counsel's legal duty to faithfully represent defendant's interest.

Further, in Atilus it was held that the failure of non-appointed counsel in a criminal case in a federal district court to perfect an appeal from a conviction, when requested to do so by the accused, violated the requirement that the accused be afforded "effective aid" at such vital or critical stage of the proceedings, in violation of the accused's constitutional rights. The case was remanded to the district court for reinstatement on the docket as of date to be fixed from which time the appeal would again commence to run. See also Goforth v. Dutton (5 Cir.) 409 F.2d 651; Breed-

love v. Beto (5 Cir.) 404 F.2d 1019, Footnote #1.

In Holbert v. State, 439 S.W.2d 507, the Supreme Court of Missouri, quoting from a number of Fifth Circuit decisions, said:

"These cases clearly imply that *willful* (but not necessarily negligent) misconduct by an employed attorney without defendant's knowledge which amounts to a breach of the legal duty of an attorney to his client, can in some circumstances constitute an infringement of an accused's federally protected right to effective representation by counsel in a criminal proceeding.

"Whether the facts alleged can be proved, and if proved, whether in view of all the surrounding circumstances which may be developed, defendant's federally protected right of effective representation by counsel has been violated can be determined only after an evidentiary hearing. In the event the finding and conclusion of the trial judge should be that by willful and deceitful failure of defendant's employed attorney to file a motion for new trial a federally protected right was infringed, the remedy would not be to set aside the 'conviction' of defendant, but to set aside the allocution, sentence and judgment so that a motion for new trial could be filed and a meaningful appeal perfected. See for example, Williams v. United States, 8 Cir., 402 F.2d 548."

■ It would appear that the proper remedy would be to abate this appeal, as the State by written motion has requested, so that the trial court can determine if the failure of counsel to file appellate briefs was taken with the knowledge and consent of the appellant. If it was, that fact may be certified to this court and the appeal returned to this court together with the trial court's findings. If it was not, then the court should determine if a federally protected right was infringed by counsel's action. If the trial court determines a federally protected right has been infringed, he should then take steps to provide effective aid of counsel on appeal and conduct such proceedings in the trial court as may be required under the provisions of Article 40.-09, Vernon's Ann.C.C.P.

The fact that it was known to the trial court that appellant was destitute, desired to appeal, was confined in jail pending appeal and that non-appointed counsel had failed to file an appellate brief in the trial court (see Article 40.09, Sec. 9, V.A.C.C.P.) should have caused the trial court to make further inquiry.

Further inquiry at the very time such circumstances come to the attention of the trial court may well avoid abated appeals, out of time appeals and collateral attacks upon final judgments when the memory of witnesses has dimmed and records misplaced or lost.

For the reasons stated, the appeal is abated.