**Ex parte Greely KALLIE.**

**No. 44394.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Feb. 16, 1972.

Butler, Binion, Rice, Cook & Knapp by Tom M. Davis, Jr., Houston, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, V.A.C.C.P., and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections. He was represented by retained counsel at his trial. The state was seeking the death penalty; the jury assessed the punishment at life for the offense of murder with malice. Notice of appeal was given by retained counsel. Thereafter, the case reached this court without a statement of facts, no trial court brief, and no grounds of error were designated. The judgment was affirmed in our Cause No. 41,101, by a Per Curiam opinion, on February 28, 1968.

Petitioner challenges his conviction on the ground that his retained counsel did not perfect his appeal. No issue of indigency was raised either in the trial court or in this court.

A hearing was held on petitioner's application before the Honorable Miron A. Love, Judge of the 177th District Court of Harris County. At such hearing it was developed that petitioner's retained counsel, Hon. Bobby Caldwell, discussed fee arrangements for the appeal with petitioner's wife and sister and informed them that he would not appeal the case if he was not paid. Counsel was not paid and proceeded no further on the appeal.

The trial court made no findings that petitioner was aware of his right to appointed counsel on appeal or that he was aware of his right to free statement of facts, if he was indigent.

In determining whether or not the petitioner knew and acquiesced in his retained counsel's failure to act in appealing his case, we look to the testimony. It is not denied or controverted that the attorney conversed with petitioner's wife and sister and that he informed them that no appeal would be taken unless the fee was paid. There is no testimony that petitioner did not have the opportunity to talk and confer with his wife and sister. Further, petitioner's testimony is to the effect that he did not gain knowledge in regard to these matters *from his retained counsel.* He did not state that he had no knowledge of the matters.

This court has acted to protect the rights of an appellant where he did not have counsel on appeal, and it was suggested to the trial court that he was indigent. This, we will do. See Steel v. State, Tex.Cr. App., 453 S.W.2d 486; Wilson v. State, Tex.Cr.App., 445 S.W.2d 745. In these cases there was something in the record which indicated to the trial court that appellant was indigent and his counsel could not or would not represent him on appeal. However, in the instant case the court had no notice that petitioner was indigent, nor did his retained counsel notify the trial court that he was not going to pursue the appeal.

The question we must determine is not whether petitioner had counsel on appeal, but whether he was *denied* counsel on appeal. In Pate v. Holman, 341 F.2d 764, the United States Fifth Circuit Court stated:

"We take the position that when a defendant has retained counsel of his own choosing the state cannot be held to have violated the constitutional right of an indigent to counsel on appeal, unless the need for appellate counsel is brought home to the State, either by the defendant's request for appellate counsel or because a responsible State official has actual knowledge that the defendant is indigent and desires to appeal his conviction."

See also Langford v. Alabama, 5 Cir., 422 F.2d 760, cert. denied, 400 U.S. 851, 91 S. Ct. 69, 27 L.Ed.2d 88; McGriff v. Wainwright, 5 Cir., 431 F.2d 897; Beto v. Martin, 5 Cir., 396 F.2d 432. These cases have

established the rule that the performance of appointed counsel on appeal will be judged by different standards than will the conduct of retained counsel. Fairris v. Beto, 5 Cir., 446 F.2d 1290.

 We conclude that petitioner was not *denied* counsel during his appeal; his inaction prevented him from being repre-sented thereon. To impute the misfea-sance of retained counsel to the state and grant the petitioner the relief which he seeks in this case would allow a petitioner, by such action, to build reversal into his case and then wait until an out of time ap-peal could not be had. This, we decline to do.

The petition for writ of habeas corpus is denied.

MORRISON, J., dissents.