**Ex parte Paul J. HERNANDEZ.**

**No. 46057.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Robert L. Thomas, Goodwin & Matheny by Michael D. Matheny, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Louisiana.

At the hearing, the State introduced the Extradition Warrant of the Governor of this State directing the arrest of the appellant and his delivery to the agents of the State of Louisiana for return to that State. The Extradition Warrant appears regular on its face and makes out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Browder, Tex.Cr.App., 373 S.W.2d 751.

The appellant introduced the Demand of the Governor of Florida requesting appellant's extradition and its supporting papers.

Appellant's sole contention is that there is no showing appellant is substantially charged with a crime under the laws of Texas.

The record reflects petitioner stands charged in Louisiana by information for the crime of theft. The record also contains a supporting affidavit and a warrant issued thereon. Petitioner claims that, in

an absence of a showing of Louisiana law, he may not be extradited on the basis of these documents since Texas does not permit a felony prosecution upon an information. In Ex parte Beckham, Tex.Cr.App., 468 S.W.2d 446, we said:

"[Article 51.13, Section 3, V.A.C.C.P.] provides that the Governor may not issue his warrant unless there are sufficient papers to support the issuance of the warrant. An 'information supported by affidavit' is sufficient to support the warrant. The Governor's warrant, which is regular on its face, states that appellant is charged by 'information, supporting affidavit, warrant.'"

Appellant's contention is without merit. Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833; Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185; Ex parte Kallie, Tex.Cr.App., 475 S.W.2d 784.

The order is affirmed.

No motion for rehearing will be filed or entertained by the Clerk except by leave of this Court after good cause has been shown.