**Ex parte Morris RALEY.**

**No. 50394.**

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

See also Tex.Cr., 528 S.W.2d 259.

John T. Montford, Lubbock, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

This is a post conviction habeas corpus proceeding. See Article 11.07, V.A.C.C.P., and *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967).

Petitioner was convicted after a jury trial for the offense of embezzlement; the jury set punishment at imprisonment for 2 years, but recommended that probation be granted.

Petitioner is seeking an out-of-time appeal; he contends that he was denied a meaningful appeal by the fraud and deceit of his attorney. Petitioner was represented by retained counsel of his own choice. Notice of appeal was given by retained counsel. Thereafter the appeal reached this Court without a brief having been filed.

The judgment was affirmed in our Cause No. 46,123, by a Per Curiam opinion, the Court finding that (1) the petitioner had been represented by counsel, (2) there was no indication of indigency, and (3) there was nothing in the record to consider as unassigned error in the interest of justice.

A hearing was held on petitioner's application before the Honorable George Rodriguez, in the 168th District Court of El Paso County. A summary of the evidence adduced at the hearing is necessary.

■ It was found that petitioner did not waive his right to an appeal and indicated his desire to exercise that right at every opportunity. It was further found that petitioner was led to believe, at all times, that his conviction *was* being appealed to this Court. A letter[1] from retained counsel to the petitioner indicated that all necessary steps in the appellate process had been taken and that counsel would himself present oral argument before this Court. However, the record reflects that retained counsel did *not* render the services that he led petitioner to believe had been performed. Petitioner paid for the preparation of the transcript of the court reporter's notes, and thereafter notice of completion of the record was mailed to retained counsel on May 2, 1972. The record was approved on June 22, 1972. Thereafter, on June 24, 1972, counsel for petitioner filed a motion to set aside approval of the record, alleging that a "Motion for Mistrial" on grounds of prosecutorial misconduct had been omitted. After petitioner's motion had been granted the state filed a motion to reinstate approval of the record. The state's motion was granted and the previously approved record was reinstated because counsel for petitioner had not filed the motion to set aside approval of the record in a timely fashion. The habeas corpus hearing court made further findings

1. The letter, in pertinent part, reads:
   "The appeal situation has been completed and forwarded to the Appellate Court. The Court is on vacation at this time and will be considered no earlier than October. They will give me the opportunity to appear personally before the Court which we will discuss when I get the notice."
   This letter was dated August 3, 1972; this was ten days subsequent to the date on which petitioner's appellate brief had been due in the trial court.

that: (1) no appellate brief was ever filed, either in the trial court or in this Court; (2) petitioner's counsel did not appear to argue this case before this Court; and (3) petitioner's counsel never withdrew from representation of petitioner on appeal. It should further be noted that the attorney of whose conduct petitioner complains appeared as a witness at the habeas corpus hearing and did not deny any of the allegations against him.

On the record now before us it appears that the petitioner's contention that he was deprived of a meaningful appeal by the fraud and deceit of his retained counsel is well founded. The inexplicable conduct of retained counsel in this case deprived the petitioner of his right to effective assistance of counsel. The result is the same as no assistance at all, whether counsel is appointed or retained.

This Court has held that willful misconduct by employed counsel without the appellant's knowledge which amounts to a breach of the legal duty of an attorney denies a defendant effective assistance of counsel. *Steel v. State,* 453 S.W.2d 486 (Tex.Cr.App.1970). See also *Lawson v. State,* 467 S.W.2d 486 (Tex.Cr.App.1971); *Walsh v. State,* 468 S.W.2d 453 (Tex.Cr. App.1971); *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972); *White v. State,* 487 S.W.2d 104 (Tex.Cr.App.1972). Cf. *Ex parte Kallie,* 475 S.W.2d 784 (Tex.Cr.App. 1972). In other jurisdictions see *Erb v. State,* 332 A.2d 137 (Del.Supr.1974); *State v. Scott,* 492 S.W.2d 168 (Mo.App.1973); *State ex rel. Bratcher v. Cooke,* 188 S.E.2d 769 (W.Va.1972); *Shipman v. Gladden,* 253 Or. 192, 453 P.2d 921 (1969); *People v. Brown,* 39 Ill.2d 307, 235 N.E.2d 562 (1968); *McAuliffe v. Rutledge,* 231 Ga. 745, 204 S.E.2d 141 (1974).

 The petitioner has shown that retained counsel failed to diligently prosecute his appeal after representing that he would do so. This is conduct amounting to breach of a legal duty of an attorney.

 The proper remedy would be to return the petitioner to the point at which he gave notice of appeal. He may then, with the aid of counsel, follow the procedures outlined in Article 40.09, V.A.C.C.P., in order that a meaningful appeal from his conviction be taken.

It is so ordered.

Opinion approved by the Court.