Harry James THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 59357.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

No appearance for appellant.

No appearance for appellee.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

Appellant was convicted by a jury for sexual abuse. The jury assessed punishment at imprisonment for seven years.

Appellant was apparently represented by retained counsel. At least one of these attorneys is also counsel of record on appeal. However, no brief was filed in the trial court in appellant's behalf pursuant to Article 40.09, Vernon's Ann.C.C.P., and none has been filed here. There is no suggestion in the record that counsel was allowed to withdraw from the case.

Subsequent to appellant's conviction he filed a pauper's oath to secure a transcription of the court reporter's notes of certain portions of the proceedings. The record does not show what action, if any, the trial court took in response to the affidavit; however, the record does contain a transcription of the court reporter's notes.

In *Steel v. State*, 453 S.W.2d 486 (Tex.Cr. App.1970), after reviewing several authorities we stated:

> "It would appear that the proper remedy would be to abate this appeal . . so that the trial court can determine if the failure of counsel to file appellate briefs was taken with the knowledge and consent of the appellant. If it was, that fact may be certified to this court and the appeal returned to this court together with the trial court's findings. If it was not, then the court should determine if a federally protected right was infringed by counsel's action. If the trial court determines a federally protected right has been infringed, he should then take steps to provide effective aid of counsel on appeal and conduct such proceedings in the trial court as may be required under the provisions of Article 40.09, Vernon's Ann.C.C.P.

> The fact that it was known to the trial court that appellant was destitute, desired to appeal, was confined in jail pending appeal and that non-appointed counsel had failed to file an appellate brief in the trial court (see Article 40.09, Sec. 9, V.A.C.C.P.) should have caused the trial court to make further inquiry.

> Further inquiry at the very time such circumstances come to the attention of the trial court may well avoid abated appeals, out of time appeals and collater-

al attacks upon final judgments when the memory of witnesses has dimmed and records misplaced or lost."

Unlike *Steel,* we have found nothing in the record to show that the trial court found that appellant was "financially unable to pay the expenses" of this appeal. 453 S.W.2d at 486. However, in view of appellant's affidavit, a hearing on the question of his indigency vel non is in order. Consequently, the appeal is abated and the cause is remanded to the trial court for a hearing. If the trial court finds appellant indigent, the court shall appoint counsel for appellant, and further proceedings shall be had in accordance with the appropriate provisions of Article 40.09, supra. If the court finds appellant is not indigent and is represented by retained counsel, it should then proceed with the hearing as outlined in *Steel.* By supplemental transcript the trial court shall forward to this Court its findings of fact and conclusions of law, together with a transcription of the court reporter's notes of the hearing.

The appeal is abated.