**Ex parte Carolyn THACKER.**

**No. 01–86–0565–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 1987.

Senfronia Thompson, Ray Stevens, Houston, for Carolyn Thacker.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Jean Spradlin, Jon Munier, Harris County Asst. Dist. Attys., Houston, for State.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was convicted of forgery in 1980 and was placed on ten years probation. Appellant filed an application for a writ of habeas corpus in the trial court, contending that she was denied the effective assistance of counsel during the initial appeal from the judgment of probation in 1980. Appellant is appealing the trial court's denial of habeas corpus relief. Jurisdiction is based on Tex.Code Crim.P.Ann. art. 11.08 (Vernon 1977). *Ex parte Twyman*, 716 S.W.2d 951 (Tex.Crim.App.1986).

Appellant brings one point of error contending that she was denied the effective assistance of counsel because retained counsel on the original appeal failed to file a brief.

On June 30, 1980, the trial court sentenced appellant to 10 years confinement, probated. Appellant gave notice of appeal to the Court of Criminal Appeals. On

March 21, 1981, the Court of Criminal Appeals affirmed the conviction. The court's opinion stated:

Appellant entered a plea of not guilty before a jury to the offense of forgery. V.T.C.A., Penal Code, Sec. 32.21. She was convicted, and the court assessed punishment at imprisonment for 10 years (probated).

The record is before us with a transcription of the court reporter's notes. However, no brief was filed in the trial court in Appellant's behalf pursuant to Art. 40.09, Sec. 9, V.A.C.C.P. There is no showing of indigency, and nothing has been found which would require our review in the interest of justice under Art. 40.09, Sec. 13, V.A.C.C.P.

The judgment is affirmed.

Four years after the Court of Criminal Appeals' affirmance, this application for writ of habeas corpus was filed. A hearing on the application for writ of habeas corpus was held on July 3, 1986.

Appellant testified, as follows, at the habeas corpus hearing:

[Appellant's counsel]: Now, Miss Thacker, during the course of the appeal, did you—who—who did you think was your lawyer?

[Appellant]: Herbert Coleman and Ray Howard.

[Appellant's Counsel]: And—uh—uh—when did you find out that no brief was filed in this case?

[Appellant]: In June of 1985 when I was before this Court. Mr.—I'd hired Mr. Don Caggins and he sent Mr. Walter Gill down here.

Mr. Walter Gill told me that he had read the file and that he had found that no brief had ever been filed in my case and therefore I had never been convicted but I do not know what day in June but June of 1985.

*　　*　　*　　*　　*　　*

[Appellant's Counsel]: Uh, did you—were you ever given any notice at all that Mr. Coleman was not going to file you a brief?

[Appellant]: No, sir. I didn't know until June of '85 that a brief hadn't been filed.

The trial court made the following findings of fact:

1. Petitioner was indicted for the offense of forgery by a Harris County Grand Jury on March 7, 1980.

2. Petitioner was represented at the trial before a jury by employed attorney, Herbert J. Coleman and Ray Howard.

3. Petitioner did not testify at the trial.

4. The Jury found the Petitioner Guilty as charged and the Court assessed the Penalty at Ten Years confinement in the Department of Corrections.

5. The imposition of the sentence was suspended and the Petitioner was placed on probation for Ten Years.

6. Timely Notice of Appeal was given to the Court of Criminal Appeals of Texas at Austin, Texas by the trial attorneys.

7. Notice of the completion of the appellate record was sent to Herbert Coleman, the attorney of record, certified mail, return receipt requested, Receipt No. 2431855, October 9, 1980.

8. Trial Court approved and filed the record, October 27, 1980.

9. Notice of Approval of the Record mailed to Herbert Coleman, October 27, 1980, certified mail, return receipt requested, receipt No. 2431860.

10. Time to file brief expired November 26, 1980. Notice mailed to Herbert Coleman, attorney of record, December 9, 1980.

11. The Court of Criminal Appeals of Texas in an opinion delivered March 25, 1981, affirmed the judgment of the trial court—Case No. 67,021 and stated: "———no brief was filed in the trial court in Appellant's behalf pursuant to Art. 40.09, sec. 9, V.A.C.C.P. There is no showing of indigency, and nothing has been found which would require our review in the interest of justice———".

12. No Motion to Withdraw was filed by counsel of record in this cause.

When the Court of Criminal Appeals took no further action than affirming appellant's conviction when appellant's counsel failed to file a brief, it apparently deviated from its own established procedures. In

*Steel v. State*, 453 S.W.2d 486 (Tex.Crim. App.1970), the court was faced with an apparently identical situation as presented here: retained counsel's failure to file a brief on appeal. The court noted the absence of any brief or motion to withdraw. The court stated that, "it is clear that if counsel was appointed, the appeal would be abated to allow the filing of a brief in the trial court on [defendant's] behalf and for such proceedings as may be considered in the trial court to provide the [defendant] with the effective aid of counsel on appeal." The court held that "retained counsel, even one who has not been fully compensated for past legal services or compensated for further service, cannot wait until a critical stage is reached and bow out without notice to the court and the accused and 'frustrate forever accused's right to protect his vital interest.'" (Citing *Atilus v. United States*, 406 F.2d 694 [5th Cir. 1969]). The court concluded that the proper remedy would be to abate the appeal in order that "the trial court can determine if the failure of counsel to file appellate briefs was taken with knowledge and consent" of the defendant. 453 S.W.2d at 488.

In the present case, appellant's counsel similarly failed to file a brief on appeal. However, the appeal was not abated to determine "if the failure of counsel to file appellate briefs was taken with the knowledge and consent" of the appellant. The Court of Criminal Appeals noted that there was no showing of indigency. That fact would not excuse the failure to file a brief in light of the court's earlier decision in *Ex parte Duffy* 607 S.W.2d 507 (Tex. Crim.App.1980) which, following *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), eliminated the "double standard" emanating from the "retained appointed dichotomy." Instead, the "reasonably effective assistance of counsel" standard would be used to test adequacy of representation afforded by retained, as well as appointed, counsel. 607 S.W.2d at 514.

Based on the undisputed evidence at the habeas corpus hearing, the trial court's findings of fact, and the relevant case law, we hold that appellant was denied reasonably effective assistance of counsel on appeal when her counsel failed to file a brief on appeal. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although appellant has filed a writ of habeas corpus, she has requested for relief an out of time appeal. We accordingly grant an out of time appeal. All applicable time limits on appeal shall be calculated as if the notice of appeal were given on the date of the overruling of the final motion for rehearing of this opinion, or if no motion for rehearing is filed, on the 16th day after rendition of this opinion.