**AFFIRM; and Opinion Filed December 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01240-CV

**LUISA ALONSO, Appellant**
**V.**
**ALLIANCE AFT, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-06040-D**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

Appellant Luisa Alonso was an elementary school teacher in the Dallas Independent School District and a member of appellee Alliance AFT, one of several labor organizations that DISD employees can elect to join.[1] After Alonso lost her job she sued Alliance alleging claims for breach of contract and negligence. The trial court granted summary judgment in favor of Alliance. On appeal Alonso challenges the trial court's summary judgment. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] According to its president, Alliance "deal[s] with [DISD] concerning grievances, labor disputes, wages, hours of employment, or working conditions."

BACKGROUND

**DISD's Nonrenewal of Alonso's Contract**

The material facts in this case are undisputed. On March 9, 2012, Alonso received a preliminary notice from DISD stating that it intended to recommend to the DISD Board of Trustees that Alonso's "term contract be non-renewed" at the end of the school year. Later that day Alonso contacted Alliance and signed and returned to Alliance a written request for representation asking Alliance to "assist and represent" her in connection with her "employment issue/problem." Among other things, the request for representation form that Alonso signed states, "I understand that Alliance/AFT will make the ultimate decisions . . . and that Alliance/AFT has no legal obligation to pursue any particular option or strategy or legal action on my behalf."

On March 27, 2012, Alonso received a formal notice from DISD stating that the Board voted to accept the Superintendent's recommendation that Alonso's contract "not be renewed for the next school year" for two reasons, including "[p]erformance issues and concerns." The notice stated that if Alonso wished to request a hearing before an independent hearing examiner, Alonso was required to make a written request to the commissioner of education and send a copy of the request to DISD "within fifteen (15) days of receipt of this letter." The notice also stated that Alonso had the right to be represented at the hearing by a person of her choice, "including either an attorney or union representative," and that if she failed to make a timely request for a hearing, her contract would not be renewed and she would be notified of the nonrenewal in writing within 30 days. The parties agree that the deadline to request a hearing was April 11, 2012, and that a hearing was not requested on or before that date. According to Alonso, she contacted Alliance a couple more times before the deadline passed, but "heard nothing" from Alliance "as to what specific action [Alliance] was taking, or preparing to take." On April 13,

2012, Alonso received a final notice from DISD stating that the Board voted not to renew her contract.

**The Lawsuit**

Alonso sued Alliance asserting claims for breach of contract and negligence. In her contract claim Alonso alleged that Alliance agreed to "file a grievance on [Alonso's] behalf and represent her in all proceedings connected with such grievance." Alonso also alleged that Alliance breached this agreement by not filing a grievance and by not notifying Alonso that it would not file a grievance, and that Alliance's breach caused Alonso to lose her right to be renewed as a teacher for DISD. Alonso sought damages for loss of pay and benefits for the 2012–2013 school year and "for ten years in the future." In her negligence claim, Alonso alleged that Alliance was "negligent in the manner in which it failed to perform its contract obligation and negligent because of its failure to advise [Alonso] that it would not timely file the grievance and represent her." Alonso alleged that Alliance's negligence caused her to lose her teaching contract. As with her contract claim, Alonso sought damages for "loss of future teaching contracts for ten years into the future."

Alliance filed a general denial in response to Alonso's petition. Alliance also asserted various defenses, including that (1) Alliance did not have a contract with Alonso "requiring representation and/or obligating [Alliance]," (2) Alliance did not owe a duty to Alonso "upon which any tort claims can attach," and (3) Alonso's negligence claim is barred by the economic loss rule because "there is no recovery in negligence for damages for the breach of duty created by contract."

**Alliance's Motion for Summary Judgment**

Alliance moved for no-evidence and traditional summary judgment on Alonso's claims. As to both claims, Alliance argued that it was entitled to traditional summary judgment because,

under the doctrine of fair representation, no claim can be stated against a labor union for failure to pursue a statutory claim, "as opposed to claims arising out of a collective bargaining agreement."

With respect to Alonso's contract claim, Alliance also argued that it was entitled to no-evidence summary judgment because there was no evidence of four elements: (1) a valid contract, (2) performance by Alonso, (3) breach by Alliance, or (4) damages. Alternatively, Alliance argued that it was entitled to traditional summary judgment on Alonso's contract claim for three reasons. First, Alliance argued that uncontroverted summary-judgment evidence disproves Alonso's contract claim as a matter of law. More specifically, Alliance argued,

> [Alonso] voluntarily joined the Alliance and paid dues to become a member. The membership form expressly disavows any duty to provide representation in grievance and legal matters and reserves to the Alliance the discretion to provide that representation. The membership form does not constitute a contract to provide representation upon request. Further, the dues that [Alonso] paid were consideration for being a member of the organization, from which [Alonso] received a number of benefits, and not necessarily for grievance or legal representation.

> Once [Alonso] received the notices regarding nonrenewal, she filled out a "Specific **Request** for Representation" (emphasis added). There was no mutual agreement that such representation would be provided. Like the membership application, the request form completed and signed by [Alonso] contains numerous disclaimers and reservations by Alliance AFT about providing representation. The form also contains [Alonso's] agreement that she understands that it is her "responsibility to ensure that [DISD] deadlines are met." There was no agreement by Alliance AFT that it would meet her deadlines for her.

Second, Alliance argued that Alonso did not perform her obligations under her written request for representation because she did not adequately and timely notify Alliance that she had received her formal notice of her proposed nonrenewal on March 27, 2012. And third, Alliance

–4–

argued that Alonso was not damaged by the failure to request a hearing because summary judgment evidence demonstrated that Alonso would not have prevailed at the hearing.[2]

With respect to Alonso's negligence claim, Alliance argued that it was entitled to no-evidence summary judgment because there was no evidence of three elements: (1) a duty to Alonso, (2) a breach by Alliance, or (3) proximate cause. Alternatively, Alliance argued that it was entitled to traditional summary judgment because Alonso's negligence claim is barred by the economic loss rule.

Alonso filed a response along with supporting evidence, including evidence showing that she repeatedly attempted to contact Alliance prior to her hearing deadline and "never received any responses." In response to the summary-judgment grounds raised by Alliance, Alonso argued that (1) the duty of fair representation does not apply, (2) Alliance "knowingly became an agent for Alonso," (3) Alliance offered to represent Alonso and she accepted the offer, (4) Alliance's allegation that Alonso did not perform her obligations "raises issues of fact," (5) the economic loss rule does not bar Alonso's negligence claim, (6) a hearing would have shown that "Alonso was discriminated against," (7) the question of whether Alonso would have lost her hearing cannot be decided as a matter of law, and (8) any determination about the measure of damages would be premature.

After a hearing the trial court granted summary judgment in favor of Alliance and ordered that Alonso take nothing on her claims. The trial court's order does not state the basis for its ruling.

---

[2] Alternatively, Alliance also argued that if Alonso was somehow entitled to any damages, those damages should be limited to the amount she would have received for the next school year only, because Alonso "had a one year term contract."

## ISSUES ON APPEAL

Alonso raises eleven issues on appeal challenging the various grounds for no-evidence and traditional summary judgment raised in Alliance's motion. We only address Alonso's second and third issues because they are dispositive of this appeal.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court does not specify the basis for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

When a party moves for summary judgment on both no-evidence and traditional grounds, as Alliance did here, we first address the no-evidence grounds. *Id.* We address no-evidence grounds first because if the nonmovant fails to produce legally sufficient evidence to meet its burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its burden under the traditional motion. *Id.* No-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. *Id.* Under that standard, evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.* The nonmovant has the burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its cause of action. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment is proper when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merriman*, 407 S.W.3d at 248 (internal citation and quotation omitted).

–6–

**Alonso's Breach-of-Contract Claim**

In her second issue Alonso challenges the no-evidence summary judgment on the breach element of her contract claim. More specifically, Alonso essentially argues that her summary judgment evidence at least raised a fact issue as to whether Alliance breached its contractual duty to her. But if Alonso's evidence did not raise a genuine issue of material fact on the element of breach then no-evidence summary judgment was proper as to Alonso's claim for breach of contract. *See generally id.*

In her summary judgment response Alonso relied upon "two specific communications" to demonstrate that Alliance breached its contract with her. First, Alonso relied on an email dated April 17, 2012, from Alliance's president to Alonso, summarizing a meeting between Alonso and Alliance that occurred the week after Alonso's deadline to request a hearing. More specifically, Alonso relied on the highlighted sentence below (shown in context):

> This message is in response to your last email to me in which you requested that I summarize our discussion on April 17, 2012. . . . During that meeting, you were told that the deadline was missed by our office in the filing of your appeal for the letter of Proposed Notice of Non-renewal that you had received from [DISD] dated March 23, 2012. **Sincere apologies from Alliance-AFT were expressed and you responded that you knew something like this had happened.** You stated that you couldn't understand why Cheryl Smith was assisting you in this matter because you had had trouble with her before and you didn't trust her. Attorney Calvin Johnson stated that he and Alliance-AFT would do everything possible to assist you.

(Emphasis added.) According to Alonso, Alliance's apology "is a clear 'admission' by [Alliance] that it had undertaken to represent [Alonso]." We disagree. "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 299 (Tex. App.—Dallas 2009, no pet.). Alliance's email is not evidence that it undertook to represent Alonso or breached any express or implied promise to file a notice of hearing on her behalf. Second, Alonso relied on a letter

written by Alliance to the commissioner of education in May 2012 in which Alliance stated, "We are the representatives for Ms. Luisa Alonso," and "we are appealing the [DISD's] decision to non-renew Ms. Alonso's contract." This letter may constitute evidence of a subsequent agreement by Alliance to represent Alonso after DISD's nonrenewal of her teaching contract, but it is not evidence that Alliance breached any contractual obligation to represent Alonso prior to her nonrenewal. Finally, Alonso also generally referred to her membership application and request for representation in her summary judgment response. But those documents expressly disavow any duty to represent any member in any particular proceeding. Alonso's membership application states, "The grievance and legal resources of Alliance/AFT are available for use by members solely at the discretion of Alliance/AFT, which expressly reserves the right to determine the terms and scope of that representation, if any." Likewise, Alonso's request for representation states, "I understand . . . that Alliance/AFT has no legal obligation to pursue any particular option or strategy or legal action on my behalf."

We conclude that Alonso's summary judgment evidence, even when read in the light most favorable to Alonso, was not sufficient to raise a genuine issue of material fact as to the breach element of Alonso's contract claim. As a result, no-evidence summary judgment in favor of Alliance on Alonso's contract claim was proper. And because we conclude that Alonso did not raise a fact issue with respect to the breach element of her contract claim we do not address her arguments concerning the alternative no-evidence and traditional grounds for summary judgment as to that claim.

**Alonso's Negligence Claim**

In her third issue Alonso challenges the no-evidence summary judgment on her negligence claim. More specifically, Alonso essentially argues that her summary judgment evidence proved that Alliance was "negligent in failing to perform its contractual duty to use

ordinary care in representing [Alonso] on her non-renewal grievance, or to notify her that it was not going to file for a hearing."

In a negligence case, the threshold inquiry is whether the defendant owes a legal duty to the plaintiff. *Collective Asset Partners LLC v. Schaumburg*, 432 S.W.3d 435, 441 (Tex. App.—Dallas 2014, pet. denied). Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question. *Id.*

Alonso contends that Alliance was negligent in failing to perform its "contractual duty." We have already concluded, however, that Alonso's evidence did not create a fact issue as to Alliance's failure to perform any contractual duty. Alternatively, citing generally to *Melton v. Rylander*, 727 S.W.2d 229 (Tex. App.—Dallas 1987, writ ref'd) and *Ex Parte Raley*, 528 S.W.2d 257 (Tex. Crim. App. 1975), Alonso also argues that Alliance owed her a "general standard of care" that is "very similar to the rule of any attorney who has undertaken representation of a client in a suit and has missed a critical deadline." But in a case involving a contract for personal services, any duty owed depends on the particular agreement between the parties. *See Schaumburg*, 432 S.W.3d at 441–42. And in this case Alonso's summary judgment evidence did not include any evidence of an agreement between the parties that created a duty on behalf of Alliance to represent Alonso. As a result, no-evidence summary judgment in favor of Alliance on Alonso's negligence claim was proper. Consequently, we do not need to address Alonso's other arguments concerning the alternative no-evidence and traditional grounds for summary judgment as to that claim.

## CONCLUSION

We resolve Alonso's second and third issues against her. Because our resolution of those issues is dispositive of both her contract and negligence claims, we do not need to address her remaining issues.

–9–

We affirm the trial court's summary judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131240F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUISA ALONSO, Appellant

No. 05-13-01240-CV          V.

ALLIANCE AFT, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-12-06040-D.
Opinion delivered by Justice Lang-Miers.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Alliance AFT recover its costs of this appeal from appellant Luisa Alonso.

Judgment entered this 15th day of December, 2014.