**Mike HARPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–92–0265–CR.**

Court of Appeals of Texas,
Amarillo.

March 10, 1993.

The Brown Law Firm LLP, Mike Brown, Lubbock, for appellant.

Garza County Atty. Preston Poole, Post, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

After a jury found appellant Mike Harper guilty of a terroristic threat, the trial court assessed his punishment at confinement in the county jail for 30 days, probated for two years, and a fine of $500. Following the court's overruling of appellant's indigency motion, he perfected this appeal to contend the court erred (1) in overruling his indigency motion, and (2) by failing to charge the jury concerning the defense of a third person. On the rationale expressed, we will abate the appeal and remand the cause to the trial court for further proceedings.

As this appeal was postured by the briefs and presented by the argument of counsel, appellant contended that by the proof of his indigency, he was entitled to a free statement of facts and the appointment of appellate counsel, and that he could not assert his complaint of error in the charge without a statement of facts. The State replied that the court correctly found against appellant's claim of indigency, but

that the cause should be remanded to the trial court for further development of the question of indigency, and determinations of the portion of the testimony necessary for the appeal and its cost. This posture of the appeal stems from the irregular indigency proceedings in the trial court.

▉ Subsequent to the entry of judgment, appellant, represented by retained, albeit unpaid, trial counsel who is not the volunteer counsel representing him on appeal, filed a sworn motion by which he requested the appointment of counsel to represent him on appeal because of his alleged indigency. Although the motion was unnecessary if appellant was indigent, because an indigent who manifests a desire to appeal is entitled, without a request, to court-appointed counsel on appeal where assistance of counsel is constitutionally required, *Ex parte Perez*, 479 S.W.2d 283, 284 (Tex.Cr.App.1972), the motion sufficed to bring the matter to the court's attention.

Yet, even though appellant's motion contained a prayer "for such relief as he may show himself justly entitled to receive, either at law or in equity," there was no request in the motion for a free statement of facts. Neither did appellant file an affidavit of inability to pay for the statement of facts, which is required by rule 53(j)(2), Texas Rules of Appellate Procedure, as the predicate for a hearing to determine whether appellant was entitled to be furnished a statement of facts without charge. Nor did appellant raise, in the hearing on his indigency motion, a claim that he was entitled to a statement of facts without charge.

During the hearing, the learned trial court inquired whether a proper written statement by appellant was before the court for a determination of indigency, and was informed by appellant's trial counsel that, "I will file that, Judge ... and have Mr. Harper sign it." The instrument filed was entitled "OATH REQUIRED UNDER ARTICLE 26.04 CCP," was signed and sworn to by appellant, and adopted the allegations set out in the indigency motion without mentioning a request for a statement of facts without charge. Parenthetically, it is observed that article 26.04, Tex-

as Code of Criminal Procedure Annotated (Vernon 1989), governs the appointment of counsel for an indigent *charged* with an offense punishable by imprisonment, not the appointment of counsel on appeal.

▉ In this connection, we have not overlooked the State's assertion that appellant has not complied with rule 53(a) or rule 54(b), Texas Rules of Appellate Procedure, the respective timetables for (1) requesting and designating the proceedings to be included in a statement of facts and (2) filing it. However, the record reveals that appellant filed his indigency motion before the time specified by rule 53(a) for requesting and designating the statement of facts and, consequently, he cannot be said to have in some manner waived his right to an in forma pauperis appellate record. *Stephens v. State*, 509 S.W.2d 363, 365 (Tex.Cr.App. 1974). Moreover, the State did not raise these noncompliances, nor any other noncompliance with procedural requirements, in the trial court to defeat appellant's indigency motion and, consequently, did not preserve them for appellate review. Tex. R.App.P. 52(a). *Accord Skidmore v. State*, 808 S.W.2d 708, 710 (Tex.App.—Texarkana 1991, no pet'n).

▉ The State also submits, probably to show a deficiency in appellant's evidence of indigency, that there is no evidence in the record of the actual cost of the statement of facts or what testimony was required to perfect an appeal. There is, however, appellant's indigency motion in which he alleges he has been informed by his trial attorney that approximately $1,500 of the total cost of an appeal is allocated to a statement of facts, and his affidavit in which he adopts the allegations of his indigency motion. Each document is strengthened by appellant's sworn statement that "all the allegations set out" in the document "are true and correct." Both documents were before the trial court for its consideration, without objection, of the question of indigency; and, therefore, for the purpose of our decision, we must consider the sworn allegation as some evidence of the cost of the statement of facts.

■ Since this state provides appellate review of criminal convictions, an indigent defendant is entitled not only to the effective assistance of counsel on appeal, but to a transcription of the court reporter's notes without charge. *Williams v. State*, 530 S.W.2d 582, 584 (Tex.Cr.App.1975). A defendant who claims indigency must sustain his allegations as to indigency at the hearing provided by rule 53(j)(2), *supra*. *Abdnor v. State*, 712 S.W.2d 136, 140–41 (Tex.Cr.App.1986).

■ The determination of indigency is not controlled by any rigid standards, but is made on a case-by-case basis as of the time of appeal, and in the sound discretion of the trial court. *Rosales v. State*, 748 S.W.2d 451, 455 (Tex.Cr.App.1987). Absent rigid standards of determination, certain factors are considered. Only defendant's financial condition is considered, for the financial responsibility of his relatives, friends, and employer is of no moment. *Id.* The fact that defendant was represented by retained counsel at trial is immaterial, because retained counsel is not obligated to furnish defendant a statement of facts at his expense or to prosecute the appeal without fee. *Abdnor v. State*, 712 S.W.2d at 142. Given these considerations, a defendant is indigent when the testimony adduced in his behalf establishes a prima facie showing of indigency, and the State fails to undermine that showing. *Snoke v. State*, 780 S.W.2d 210, 213–14 (Tex.Cr.App. 1989).

■ Reviewed in the light of these principles, the record reveals that at the time of the hearing, appellant was employed as a constable in Garza County at a monthly salary of $182, $100 of which was to subsidize insurance for his dependents, and he had unsuccessfully attempted to obtain additional employment. He has no other income, and knows of no source from which he can borrow money to appeal. Although he was represented by retained counsel at trial, he has not been able to pay his attorney.

Appellant is married and his wife is unable to work and is not employed. Appellant and his wife purchased a home on credit for $42,500, the amount of the mortgage, payable at approximately $415 per month with funds obtained as a loan from his mother-in-law and his parents. He has a 1986 Ford Ranger pickup, but is unable to borrow any money with it as collateral because of his financial condition; a 1980 Plymouth Fury that is inoperable; and his wife has a 1976 Oldsmobile that is inoperable.

Appellant testified that they have a bank account of "not much," that he does not own any stocks, and that his credit cards have been discontinued. According to his wife, she owes more than $6,200 to her son, and she and appellant owe $448.85 to a drugstore, $140.42 for a water heater, $7,881.64 as the amount due on eight credit cards, and $65 for medical services. They have considered bankruptcy, but want to pay their bills.

The State developed from appellant's wife that the two inoperable vehicles were "worth something," that her mother owns most of the furniture in the home, and that there might be some equity in the home. However, the home would not be collateral for a loan, because the homestead is exempt from execution except for the payment of the purchase money debt or a valid mechanic's lien for the payment of improvements. *See* Tex.Property Code Annotated §§ 41.002(a) & (c) (Vernon 1984). Other than these developments, the State produced no evidence to rebut appellant's showing of indigency.

Measuring the evidential record by the applicable principles earlier stated, appellant made a prima facie showing of indigency, which was not rebutted by the State. Indeed, lesser evidence was held sufficient to show indigency in *Zanghetti v. State*, 582 S.W.2d 461 (Tex.Cr.App.1979), and in *Stephens v. State*, 509 S.W.2d at 364–65. The showing of indigency entitled appellant to the appointment of appellate counsel and a statement of facts without charge to him. *Williams v. State*, 530 S.W.2d at 584.

Accordingly, the appeal is abated, and this cause is remanded to the trial court for the appointment of counsel to represent appellant on appeal, and for the ordering of

a statement of facts sufficient for the appeal to be furnished appellant without charge to him.