Wachel-DA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-215-CR

        DWAYNE A. WACHEL,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 94-06-15,605-CR
                                                                                                    

O P I N I O N
                                                                                                    

          Dwayne Wachel was indicted for attempted murder of Christian Wachel by running over
her with a motor vehicle. He was alternatively indicted for aggravated assault. A jury convicted
him of simple assault and assessed one year in the county jail and the maximum fine of $3,000. 
Wachel gave notice of appeal and requested a free statement of facts. After a hearing the court
denied his request.
THE CONTROVERSY
          Wachel's sole point on appeal complains of the court's denial of his motion for a free
statement of facts.
THE RULE
          The right to request a free statement of facts arises under Rule 53 of the Rules of Appellate
Procedure. Tex. R. App. P. 53(j)(2). If after a hearing the court finds that the appellant is
indigent—unable to pay for or give security for the statement of facts, the court shall order that
one be furnished at the county's expense. Id. Indigency is determined on a case-by-case basis. 
Abdnor v. State, 712 S.W.2d 136, 141 (Tex. Crim. App. 1986). It is determined at the time of
the appeal, not the time of trial. Id. at 142. It is the status of the defendant himself, not any
relative, that is critical. Id. The request cannot be denied merely because the defendant had
retained counsel at trial. Id. Factors that may be considered include "the nature of his
employment, the amount of his earnings and expenses, and his ability to secure a bond and retain
counsel." Skidmore v. State, 808 S.W.2d 708, 710 (Tex. App.—Texarkana 1991, no pet.) (citing
Fishman v. State, 771 S.W.2d 573, 575 (Tex. App.—Corpus Christi 1989, pet. ref'd), cert.
denied, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 287 (1990)). A defendant is indigent when
the testimony adduced in his behalf establishes a prima facie showing of indigency and the State
fails to undermine that showing. Snoke v. State, 780 S.W.2d 210, 213 (Tex. Crim. App. 1989).
          We review the court's denial of Wachel's request for a free statement of facts under the
abuse-of-discretion standard. Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987),
cert. denied, 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988); Harper v. State, 850
S.W.2d 736, 739 (Tex. App.—Amarillo 1993, pet. ref'd). In the absence of a clear abuse of
discretion, the judge's ruling will not be disturbed on appeal. Rosales, 748 S.W.2d at 455.
          As the Court of Criminal Appeals has described, an abuse of discretion occurs when the
trial court applies an erroneous legal standard, or when no reasonable view of the record could
support the trial court's conclusion under the correct law and the facts viewed in the light most
favorable to its legal conclusion. DuBose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App.
1996). An abuse of discretion occurs only when the trial judge's decision was so clearly wrong
as to lie outside that zone within which reasonable persons might disagree. Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, — U.S. —, 113 S.Ct. 3046, 125 L.Ed.2d
751 (1993).
THE ASSERTIONS
          Wachel testified at the hearing. His position is that, although he owns a home and a truck
on which he is making payments and a boat of no value, he cannot afford both a retained appellate
lawyer and the statement of facts—estimated to cost $3,400. He was employed full-time at a
computer service company, at an annual salary of $22,000. He maintained that he had spent a
considerable sum defending himself and that he owes his father approximately $16,000 in
unsecured debt for money borrowed from him. He said that he had outstanding medical bills of
between $2,500 and $3,000. He further said that he pays $300 per month in child support, pays
utility bills, and makes credit card payments.
          The State points to the facts that Wachel had $400-500 in his bank account, had take-home
pay of $1,500, and had made no attempt to borrow the funds necessary to purchase the statement
of facts. His equity in his home, using the value from the tax roll, was approximately $7,000. 
Thus, it asserts that Wachel has made the wrong choice—that he should have paid for the statement
of facts, then sought to retain counsel with the funds he had for that purpose. "Appellant's
misplaced priorities do not constitute proof of denial of access to a meaningful appeal."
OUR REVIEW
          The State points to Rosales as instructive because the Court of Criminal Appeals found that
the trial court did not abuse its discretion in denying a request for a free statement of facts to
Rosales, whom the State asserts was more deserving than Wachel. 748 S.W.2d 451. We disagree
with the State's characterization of Rosales' financial circumstances as compared to Wachel's and
decline the invitation to use it as controlling our disposition.
          Here, the court, in reaching its decision, considered Wachel's employment "at a very good
job" and his "substantial equity" in his home. Having carefully reviewed the record of the
indigency hearing and considering that the standard for our review is whether the court abused its
discretion, we cannot say that the trial court applied an erroneous legal standard, or that no
reasonable view of the record could support the trial court's conclusion under the correct law and
the facts viewed in the light most favorable to its legal conclusion. Id. at 455; DuBose, 915
S.W.2d at 497-98. Thus, we overrule point one and affirm the court's denial of Wachel's motion
for a free statement of facts.
 
                                                                                           BILL VANCE
                                                                                           Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 10, 1996
Do not publish