NO. 07-02-0250-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 30, 2004



______________________________




SAMMY CHAVEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2104-B; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Sammy Chavez appeals his conviction and sentence for delivery of
marijuana. By three issues, he contends that the trial court erred by (1) denying his
request for trial counsel, (2) denying his request for appellate counsel, and (3) denying a
free copy of the record for appeal. We abate and remand for further proceedings
consistent with this opinion.


BACKGROUND

 Appellant contends that before trial he sought appointment of trial counsel due to
his indigence, but that his request was denied by the trial court. (1) The case proceeded to
trial with appellant appearing pro se. During the State's presentation of its case, appellant
changed his plea to guilty. The trial court entered judgment of deferred adjudication with
a ten-year period of community supervision. 

 Appellant filed an Affidavit of Indigency and Request for Court Appointed Counsel,
which included a Sworn Statement of Indigency. He requested appointment of appellate
counsel, but did not request a free copy of the trial record. Appellant then timely filed
notice of appeal on June 3, 2002.

 On August 14, 2002, the trial court held a hearing on a motion for preparation of the
court's record. (2) The court denied the motion on the basis that it was untimely filed.

 We have previously abated and remanded this cause to the trial court for hearing
to determine whether appellant desired to prosecute this appeal, was indigent, and is
entitled to a record without charge. The trial court held the hearing and found that: (1)
appellant desired to prosecute his appeal; (2) appellant was indigent; and (3) appellant was
not entitled to have the clerk's and reporter's records furnished without charge.

 Appellant contends that the trial court erred in denying his request for trial and
appellate counsel and in denying him a free copy of the appellate record. The State
contends that we do not have jurisdiction. 

JURISDICTION 

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
Unless a court has jurisdiction over a matter, its actions in the matter are without validity. 
Id. at 657 n.2.

 The State's first contention is that we have no jurisdiction to review the trial court's
decision to place appellant on deferred adjudication. The State further contends that
appellant failed to invoke our jurisdiction by failing to comply with requirements of Tex. R.
App. P. 25.2. (3) We disagree. 

 A defendant placed on deferred adjudication community supervision must raise
issues relating to the original plea proceeding by appeal taken when deferred adjudication
community supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62
(Tex.Crim.App. 1999).

 TRAP 25.2 indicates that, typically, notice of appeal is sufficient if it shows the
party's desire to appeal. In an appeal from a judgment which was rendered on the
defendant's plea of guilty and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice of
appeal must: (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. TRAP 25.2(b)(3). 

 Nothing in the limited record before this court shows that appellant's guilty plea was
the result of an agreement between the prosecutor and the appellant. Further, even
assuming the existence of such an agreement, the record does not reveal whether the trial
court accepted the agreement. Based on the limited record before us, we conclude that
appellant's notice of appeal was sufficient to invoke our jurisdiction.

APPOINTMENT OF COUNSEL 

AND FREE APPELLATE RECORD


 Appellant contends that the trial court erred in denying his request for appellate
counsel and in denying him a free record of the trial proceedings for use on appeal. We
agree.

 An indigent defendant who expresses a desire to appeal is entitled to court-appointed counsel on appeal where assistance of counsel is constitutionally required. See
Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ex parte
Perez, 479 S.W.2d 283, 284 (Tex.Crim.App. 1972); Harper v. State, 850 S.W.2d 736, 738
(Tex.App.-Amarillo 1993, writ ref'd). In the present case, appellant timely filed his affidavit
of indigence requesting appointment of appellate counsel. Additionally, the trial court has
now made a specific finding that appellant was indigent. Therefore, we conclude that
appellant is entitled to the appointment of appellate counsel.

 The trial court denied appellant's motion for a free appellate record on the basis that
the motion was untimely filed. Assuming, without deciding, that appellant's request for a
free record was not timely filed, (4) we extend the deadline for filing of appellant's request for
a free record until August 1, 2002. See TRAP 2. The extension makes appellant's request
timely. 

 Because of our abatement and remand and the limited record before us, we do not
address appellant's contention that the trial court erred in refusing to appoint trial counsel. 

CONCLUSION

 We abate and remand this cause to the trial court for immediate appointment of
appellate counsel and entry of orders providing that the appellate record be furnished to
appellant without charge. Appellant shall have 30 days from the date the trial court
appoints appellate counsel in which to make any designations of the appellate record as
provided for by TRAP 34 and TRAP 35. The appellate record is to be filed with the
appellate clerk within 60 days after the date the trial court signs its order providing that the
appellate record be furnished to appellant without charge. Appellate briefs will be due in
accordance with TRAP 38. 


 Per Curiam

Do not publish. 
1. 
 ' 
2. The motion is not part of the abbreviated record currently before us.
3. '
 
 
"" 
4. 
 ' 
 -