NO. 07-02-0250-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2004

_____


SAMMY CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2104-B; HONORABLE GORDON H. GREEN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Appellant Sammy Chavez appeals his conviction and sentence for delivery of marijuana. By three issues, he contends that the trial court erred by (1) denying his request for trial counsel, (2) denying his request for appellate counsel, and (3) denying a free copy of the record for appeal. We abate and remand for further proceedings consistent with this opinion.

BACKGROUND

Appellant contends that before trial he sought appointment of trial counsel due to his indigence, but that his request was denied by the trial court.[1] The case proceeded to trial with appellant appearing *pro se*. During the State's presentation of its case, appellant changed his plea to guilty. The trial court entered judgment of deferred adjudication with a ten-year period of community supervision.

Appellant filed an Affidavit of Indigency and Request for Court Appointed Counsel, which included a Sworn Statement of Indigency. He requested appointment of appellate counsel, but did not request a free copy of the trial record. Appellant then timely filed notice of appeal on June 3, 2002.

On August 14, 2002, the trial court held a hearing on a motion for preparation of the court's record.[2] The court denied the motion on the basis that it was untimely filed.

We have previously abated and remanded this cause to the trial court for hearing to determine whether appellant desired to prosecute this appeal, was indigent, and is entitled to a record without charge. The trial court held the hearing and found that: (1) appellant desired to prosecute his appeal; (2) appellant was indigent; and (3) appellant was not entitled to have the clerk's and reporter's records furnished without charge.

---

[1] The record before us is limited. Our discussion of any prejudgment proceedings is derived from assertions made in the parties' briefs.

[2] The motion is not part of the abbreviated record currently before us.

Appellant contends that the trial court erred in denying his request for trial and appellate counsel and in denying him a free copy of the appellate record. The State contends that we do not have jurisdiction.

## JURISDICTION

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The State's first contention is that we have no jurisdiction to review the trial court's decision to place appellant on deferred adjudication. The State further contends that appellant failed to invoke our jurisdiction by failing to comply with requirements of Tex. R. App. P. 25.2.[3] We disagree.

A defendant placed on deferred adjudication community supervision must raise issues relating to the original plea proceeding by appeal taken when deferred adjudication community supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).

---

[3]Amended December 23, 2002, effective January 1, 2003. Because appellant's notice of appeal was filed prior to the effective date of the amended Rule, all references to Rule 25.2 refer to the Rule prior to its amendment.

Reference to a rule of appellate procedure hereafter will be by reference to "TRAP_."

TRAP 25.2 indicates that, typically, notice of appeal is sufficient if it shows the party's desire to appeal. In an appeal from a judgment which was rendered on the defendant's plea of guilty and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must: (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. TRAP 25.2(b)(3).

Nothing in the limited record before this court shows that appellant's guilty plea was the result of an agreement between the prosecutor and the appellant. Further, even assuming the existence of such an agreement, the record does not reveal whether the trial court accepted the agreement. Based on the limited record before us, we conclude that appellant's notice of appeal was sufficient to invoke our jurisdiction.

APPOINTMENT OF COUNSEL
AND FREE APPELLATE RECORD

Appellant contends that the trial court erred in denying his request for appellate counsel and in denying him a free record of the trial proceedings for use on appeal. We agree.

An indigent defendant who expresses a desire to appeal is entitled to court-appointed counsel on appeal where assistance of counsel is constitutionally required. See Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ex parte Perez, 479 S.W.2d 283, 284 (Tex.Crim.App. 1972); Harper v. State, 850 S.W.2d 736, 738

(Tex.App.–Amarillo 1993, writ ref'd). In the present case, appellant timely filed his affidavit of indigence requesting appointment of appellate counsel. Additionally, the trial court has now made a specific finding that appellant was indigent. Therefore, we conclude that appellant is entitled to the appointment of appellate counsel.

The trial court denied appellant's motion for a free appellate record on the basis that the motion was untimely filed. Assuming, without deciding, that appellant's request for a free record was not timely filed,[4] we extend the deadline for filing of appellant's request for a free record until August 1, 2002. See TRAP 2. The extension makes appellant's request timely.

Because of our abatement and remand and the limited record before us, we do not address appellant's contention that the trial court erred in refusing to appoint trial counsel.

CONCLUSION

We abate and remand this cause to the trial court for immediate appointment of appellate counsel and entry of orders providing that the appellate record be furnished to appellant without charge. Appellant shall have 30 days from the date the trial court appoints appellate counsel in which to make any designations of the appellate record as provided for by TRAP 34 and TRAP 35. The appellate record is to be filed with the appellate clerk within 60 days after the date the trial court signs its order providing that the

---

[4]An indigent appellant is entitled to a free record, even if the request for the record is not timely filed, provided that the appellant's affidavit of indigency is timely filed. See Harper, 850 S.W.2d at 739. See also, Stephens v. State, 509 S.W.2d 363, 365-66 (Tex.Crim.App. 1974).

appellate record be furnished to appellant without charge.  Appellate briefs will be due in accordance with TRAP 38.

Per Curiam

Do not publish.